```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM E. CULBERTH,

                 Plaintiff,
                                        MEMORANDUM & ORDER
      -against-                         18-CV-4796(JS)(AYS)

THE TOWN OF EAST HAMPTON NEW YORK,
FRANK TROTTA, BARRY JOHNSON,

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      William E. Culberth, pro se
                    183 Hog Creek Road
                    East Hampton, New York 11937

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On August 23, 2018, pro se plaintiff William E. Culberth ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. §§ 1983 and 1985 against the Town of East Hampton New York, Frank Trotta, and Barry Johnson (collectively, "Defendants") together with an application to proceed in forma pauperis. For the reasons that follow, the application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW UPON COMPLETION OF THE COMPLETION OF THE AO 239 IN FORMA PAUPERIS APPLICATION FORM. Alternatively, Plaintiff may remit the $400.00 filing fee.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for

the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Plaintiff's application does not include sufficient information for the Court to make such finding. Although Plaintiff alleges that he is unemployed, has not received any income in the past twelve months, and has $40.00 in cash or in a savings account, he reports regular monthly expenses in the sum of $30,000. (See In Forma Pauperis Application, Docket Entry 2, ¶¶ 2-4, 6.) In addition, Plaintiff reports to "own property in Vermont" but does not specify the nature of the property or its value. Thus, the Court is unable to conclude, based on the present application, that Plaintiff is qualified to proceed in forma pauperis.

Accordingly, Plaintiff's application is DENIED WITHOUT PREJUDICE TO A RENEWAL THEREOF UPON COMPLETION OF THE AO 239 IN FORMA PAUPERIS APPLICATION FORM ANNEXED TO THIS ORDER. Under the circumstances, Plaintiff can best set forth his current financial position on the long form in forma pauperis application (AO 239). Plaintiff is directed to either remit the $400.00 filing fee or to each complete and return the long form in forma pauperis application (AO 239) within fourteen (14) days from the date of

this Order.  Plaintiff is cautioned that a failure to timely comply with this Order will lead to the dismissal of the Complaint without prejudice and judgment will enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order together with Form AO 239 to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT  
JOANNA SEYBERT, U.S.D.J.

Dated: October  11 , 2018  
      Central Islip, New York

3