# EXHIBIT A

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York



| | |
|---|---|
| William E. Culberth | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.  2:18-cv-04796-JS-AYS |
| The Town of East Hampton New York,<br>Frank Trotta<br>and Barry Johnson | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Town of East Hampton New York, c/o Attorney's Office Town of East Hampton,
159 Pantigo Road, East Hampton, NY 11937

Police Officer Frank Trotta, c/o Police Department Town of East Hampton,
131 Wainscott Northwest Road,  Wainscott, NY 11975

Police Officer Barry Johnson, c/o Police Department Town of East Hampton,
131 Wainscott Northwest Road,  Wainscott, NY 11975

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William E. Culberth
183 Hog Creek Road
East Hampton, NY 11937
Pro Se

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



DOUGLAS C. PALMER
*CLERK OF COURT*

Date:  **12/18/2018**                                    *s/ Grisel Ortiz*

*Signature of Clerk or Deputy Clerk*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 23 2018   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

WILLIAM E. CULBERTH,

        Plaintiffs,

-against-

THE TOWN OF EAST HAMPTON NEW YORK,
FRANK TROTTA and BARRY JOHNSON,

        Defendants.
-------------------------------------------------------X

Civil Action No.

**COMPLAINT
AND JURY DEMAND**

**CV18  4796**

SEYBERT, J.

SHIELDS, M.J.

Plaintiff, Pros Se, alleges as follows:

## PARTIES

1.    Plaintiff WILLIAM E. CULBERTH is a citizen of the State of New York County of Suffolk, residing at 183 Hog Creek Road, East Hampton, New York 11937.

3.    That at all times hereinafter mentioned, Defendant Town of East Hampton, New York was and is a Town, duly organized and existing under and by virtue of the laws of the State of New York located in Suffolk County, New York.

4.    Defendant Frank Trotta is and was a police officer employed by defendant Town of East Hampton and  Defendant Barry Johnson is and was a police officer employed by defendatn Town of East Hampton. (Defendants Frant Trotta and Barry Johnson are referred to as "Defendant Police Officers").

5.    At all times mentioned herein, Defendant Police Officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Town of East Hampton.

## JURISDICTION AND VENUE

6.    This action is brought pursuant to 42 U.S.C. Sections 1983 and 1985 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.  Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law

RECEIVED

AUG 23 2018

EDNY PRO SE OFFICE

claims is asserted.   Pursuant to 28 U.S.C. Section 1331, jurisdiction is founded on a case arising under the Constitution of the United States and federal laws.

7.     All parties are citizens of the State of New York.

8.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

9.     Venue is laid within the United States District Court for the Eastern District of New York in that all parties reside in and the events giving rise to the claims occurred within the boundaries of the Eastern District of New York pursuant to 28 U.S.C. Section 1391.

## NOTICE OF CLAIM

10.     Within 90 days of the occurrences of these incidents, plaintiff served a written Notice of Claim upon the defendant Town of East Hampton. More than 30 days have lapsed since the Notice of Claim was served and this matter has not been settled, compromised or otherwise disposed of by the defendant Town of East Hampton.

## FIRST CAUSE OF ACTION
## (MALICIOUS PROSECTION)

11.     On January 23, 2014 Plaintiff was wrongfully and unconsitutionally arrested bty defendant Police Officers. Plaintiff was charged with disorderly conduct, harassment, resisting arrest.

12.     Plaintiff was wrongfully and illegally prosecuted by defendants and Plaintiff was convicted.  Defendants acted malicously and intentionally in prosecuting Plaintiff.

13.     Defendants caused a false criminal accusatory instrument to be filed against plaintiff.

14.     On August 24, 2017, the Appellate Term of the Supreme Court of the State of New York reversed the conviction of the Plaintiff and dismissed the criminal charges against Plaintiff.

15.     The criminal instrument was dismissed and the criminal proceedings favorably terminated.

16.     Plaintiff was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

2

## SECOND CAUSE OF ACTION
## (MUNICIPAL LIABILITY)

17.     Paragraphs 1 through 16 are incorporated herein by reference.

18.     As the employer of the defendant Police Officers, defendant Town of East Hampton is liable for the damages suffered by the plaintiff as a result of the conduct of defendant Police Officers.

19.     Defendant Town of East Hampton knew or should have known of defendant police officers' propensity to engage in the illegal and wrongful acts detailed above.

20.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals, solicited improper prosecutions of such individuals, and made, and allowed other fellow police officers, to make false entries in official police department records to cover up and hide assaults batteries and false arrests by police officers.

21.     Defendant Town of East Hampton has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of defendant officers in this and in similar cases involving police violence and misconduct.

22.     Defendants Town of East Hampton has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of defendants and other police officers in this and in similar cases involving police violence and misconduct.

23.     Defendants Police Officers know that the defendant Town of East Hampton does not effectively nor aggressively discipline, review, remove or otherwise correct the illegal and improper acts of police officers in this case and in similar cases involving police violence and misconduct.

24.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant Town of East Hampton in the amount of Five Hundred Thousand ($500,000.00) Dollars.

3

## THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1983)

25.    Paragraphs 1 through 24 are incorporated herein by reference.

26.    Defendants have deprived plaintiff of his civil, constitutional and statutory Rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 U.S.C. Section 1983 and 1985 and the N.Y. State Constitution.

27.    Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) Dollars.

### JURY DEMAND

Plaintiff demands a trial by jury in this action.

WHEREFORE, plaintiff demand judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in the amount of Five Hundred Thousand ($500,000.00) Dollars on each of plaintiff's Causes of Action;

B.    Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

Dated:    New York, New York
           August 23, 2018

WILLIAM E. CUHBERTH

Plaintiff Pro Se
183 Hog Creek Road
East Hampton, New York 11937
New York, New York 10019

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

WILLIAM E. CULBERTH,                                Civil Action No.

                    Plaintiff,

    -against-

THE TOWN OF EAST HAMPTON NEW YORK,
FRANK TROTTA and BARRY JOHNSON,

                Defendants.

------------------------------------------------------------------X


**COMPLAINT AND JURY DEMAND**


WILLIAM E. CULBERTH
Plaintiff Pro Se
183 Hog Creek Road
East Hampton, New York 11937
(212)595-7575

JS 44 (Rev. 01/29/2018)

**CIVIL COVER SHEET**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 23 2018 ★

LONG ISLAND OFFICE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

William E. Culberth

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

Suffolk

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

**DEFENDANTS**

The Town of East Hampton, New York, et. al.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

CV18 4796

SEYBERT, J.

SHIELDS, M.J.

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983 and 1985

Brief description of cause:
Civil Rights

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE 8/23/18

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events; a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☑ Yes   ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?  ☐ Yes  ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes      ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (if yes, please explain   ☐ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017