UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM E. CUTHBERT

Plaintiff,

-against-

AFFIDAVIT
OF
JOSEPH GIANNINI ESQ. RETIRED

Doc. No. 18 Civ. 4796 (JS) (AYS)

TOWN OF EAST HAMPTON, NEW YORK, EAST HAMPTON TOWN POLICE OFFICERS FRANK TROTTA AND BARRY JOHNSON

Defendants.
----------------------------------------------------------X
STATE OF NEW YORK )
COUNTY OF SUFFOLK ) ss:

JOSEPH GIANNINI ESQ., an attorney admitted to the State of New York Bar declares the following statements are true under penalty of perjury:

1. I submit this AFFIDAVIT in support of Plaintiff William E. Cuthbert's opposition to Defendant's Motion to Dismiss.

2. On August 22, 2014 I was retained by William E. Cuthbert on his then pending criminal case in the East Hampton Town Justice Court under Docket No. 14010313. I replaced Patrick J. Gunn Esq., a former Suffolk County ADA. Because he and Mr. Cuthbert had a difference of opinion about the case. Mr. Gunn wanted William Cuthbert to take a plea. Citing the fact that four Police Officers would testify at trial. Mr. Cuthbert refused any plea offer and was adamant about going to trial.

3. In June 2015 I was forced to retire, from my practice of criminal law, due to several service connected disabilities. Caused by my 13 month tour as a Marine Combat officer in Vietnam from June 1967 to July 1968.

RECEIVED
JUN 04 2019
EDNY PRO SE OFFICE

4. The following exhibits are relevant to Mr. Cuthbert's Opposition and are accurate photocopies of what they purport to be.

5. Annexed hereto as Plaintiff's Exhibit A is a photocopy of the Trial Court's decision denying Mr. Cuthbert's Motion to Dismiss the criminal charges against him.

6. Annexed hereto as Plaintiff's Exhibit B is a photocopy of excerpts from the criminal trial transcript.

JOSEPH GIANNINI ESQ. RETIRED

Sworn to this 4th
day of June 2019

MARY E. CROGHAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CR6095486
Qualified in Suffolk County
My Commission Expires July 14, 2019

# Exhibit A

Justice Court: Town of East Hampton
County of Suffolk: State of New York
----------------------------------------x
The People of the State of New York Docket No. 14-010313

-against-

William Cuthbert,

Defendant.
----------------------------------------x

This case arises out of a traffic accident wherein the defendant's vehicle was struck by another's vehicle at a busy intersection in the Town of East Hampton. East Hampton Town Police Officer Frank Trotta appeared on the scene and it is clear that a confrontation with the defendant ensued, although there is a factual dispute as to who said what and who did what to whom. What is clear is that the end result was that the defendant was arrested, forcibly handcuffed and charged with violations of Penal Law § 205.30, Resisting Arrest, § 240.20(3) Disorderly Conduct and § 240.26(1) Harassment.

The defendant, by a Notice of Motion with supporting papers dated April 25, 2014, now moves for an Order dismissing all of the charges, on a number of grounds and, in the alternative, seeking a Bill of Particulars and, also in the alternative, seeking "Probable Cause", "Sandoval" and "Clayton" hearings. The People, by an Affirmation in Opposition dated June 13, 2014, oppose this relief.

The Court rules on each of the defendant's arguments as follows:

1. Information Charging "Disorderly Conduct" is Jurisdictionally Defective:

The defendant argues that the Information charging the defendant with Disorderly Conduct pursuant to Penal Law § 240.20(3) is jurisdictionally defective as it does not contain a factual allegation that the defendant intended to "....cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof..." The defendant focuses on what he claims is the conclusory word "wrongfully" in the Information, arguing that such word cannot in and of itself meet the requirement that each and every element of the statute needs to be complied with. While this argument may be correct in theory, the defense ignores the fact that the Information must be read in its entirety to determine whether it meets the requirement of Criminal Procedure Law § 100.40.

In this case, in addition to citing the specific language of Penal Law § 240.20(3), the Information contains the following language:

"To Wit: The Defendant........with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof in a public place, he uses abusive or obscene language, or makes an obscene gesture: in that, the defendant did wrongfully state obscenities in public.........Defendant was standing inches of Police Officer Frank Trotta #195 while screaming in a loud voice in sum and substance fuck, you you fucking pig! I am not listening to you, you fucking pig, asshole! Get another officer here you fucking asshole!"

It is clear that "....the required intent, i.e. the culpable mental state required for conviction, can be inferred from both the facts alleged in the ....Information and the accusatory part thereof (citations omitted)." People v. Horner, 5 Misc. 3d 134 (A), 799 N.Y.S.2d 163 (Table), 2004 N.Y. Slip Op. 51457(U)(App.Term. , 9th & 10th Judicial Districts 2004). That the defendant may have either intentionally caused public inconvenient, annoyance or alarm, or recklessly created a risk thereof in a public place, to wit, at a busy intersection in the Town of East Hampton by screaming obscenities at a police officer, may be inferred from those very facts.

For these reasons, the Court finds the Information charging the defendant with a violation of Penal Law § 240.20(3) to be sufficient pursuant to Criminal Procedure Law § 100.40(1).

2. Language Alleged as Basis for Disorderly Conduct is Constitutionally Protected:

The defendant's broad argument that the alleged obscenities that serve as the basis for the Disorderly Conduct charge represent "...protected free speech under the First Amendment of (the) Constitution of the United States" , is patently false. Without reviewing the history of decisions from the Supreme Court of the United States, carving out exceptions for First Amendment protection to many varieties of speech – including obscenity – it is clear that in the State of New York, pursuant to Penal Law § 240.20(3), obscene language and/or gestures are not protected where they otherwise meet the requirements of that statute.

3. Alleged Statements/Conduct Do Not Rise To The Level of Disorderly Conduct:

Inasmuch as the Information makes out a *prima* facie case, this portion of the defendant's motion papers is best left to a Motion to Dismiss at the end of the People's case at trial, or for a Motion for a Directed Verdict, or for a Motion to Set Aside a Jury Verdict of "Guilty" after trial. It is certainly not clear to this Court that the conduct complained of in the Information is, as a matter of law, insufficient to support the charge.

4. Invalid Arrest & Poisonous Tree:

The defense argues that an illegal arrest for Disorderly Conduct must necessarily invalidate subsequent arrest for Resisting Arrest and Harassment. In light of the Court's decision, this point is moot.

5. Dismissal In the Interests of Justice/"Clayton" Hearing:

The defendant has failed to specifically address any of the ten (10) factors, to be considered individually and collectively, in determining whether a dismissal in the "interest of justice" is appropriate – other than to argue that the defendant was treated inappropriately by the police officers post arrest. Under the circumstances, this branch of the defendant's motion is denied and there is no basis to have a "Clayton" hearing.

6. Order for a Bill of Particulars and Discovery:

The defendant seeks a Bill of Particulars with respect to the following: a) The name and shield number of the second police officer on the scene of the MVA; b) The name and shield number of the third police officer on the scene who transported the defendant to headquarters; and c) The name and shield number of the police officer who photographed the defendant's hands at police headquarters.

The People oppose this request on the grounds that a Bill of Particulars is not authorized in any instance "...other than where an indictment is pending", citing Criminal Procedure Law § 200.95. The basis for this opposition is misplaced, in light of Criminal Procedure Law § 100.45(4), which provides that the provisions of Criminal Procedure Law § 200.95 also apply to informations and misdemeanor informations such as those in this case.

Accordingly, this branch of the defendant's motion is granted and the People are directed to supply the defendant with the requested information within twenty (20) days hereof.

In addition, the People have made a demand for a video recording allegedly made by the defendant's "paramour". The defendant is directed to make arrangements with the People to view this recording, if it exists, within twenty (20) days hereof.

7. Request for Hearings:

a) Probable Cause: The defendant has failed to allege any facts in support of this portion of his motion and it is, therefore, denied.

b) *Sandoval* Hearing: This portion of the defendant's motion is granted, with such a hearing to be held immediately prior to trial.

The foregoing constitutes the Decision and Order of this Court.

Dated: 7 August 2014
East Hampton, New York

**STEVEN TEKULSKY**
**East Hampton Town Justice**

# Exhibit B

asshole." And then you placed him under arrest according to this?

A Yes.

Q So he came over to you, you are saying?

A Right.

Q Got right in your face?

A Right.

Q And you placed him under arrest?

A Yes.

Q For what?

A Disorderly conduct.

Q Now did a crowd assemble around this incident?

A Just motorists I believe there was.

Q Did he cause a public nuisance, did he bother the public, was there a public nuisance by him?

no public nuisance

A Not that I know of, no.

Q Now you did an arrest report too?

A I did.

Q Okay. We will have that marked

your argument. I think to People are going to argue something different. That is a question of fact.

MR. GIANNINI: No, it not a question of fact. It's whether or not the discon (sic), charge is factually sufficient.

THE COURT: I understand that.

MR. GIANNINI: If no one talked to her no one knows what is going through her mind. That is exactly what the case says.

THE COURT: She is not the only one that possibly effected here.

MR. GIANNINI: And the driver of the truck he never said he was annoyed or alarmed.

THE COURT: You don't have to be annoyed and alarmed. That is not the element here. The element is if the conduct either intentionally or recklessly and capable of causing alarm. It doesn't have to be argued here.

MR. GIANNINI: What is the nature

of the public nuisance.

THE COURT: Yelling and cursing in a loud voice where other people were there to hear it. It's going to be -- listen, listen I understand your argument. I believe the People v Weaver, which is a the Court of Appeals case decided in 2011 has guided me in this case. There is no question that in every one of these disorderly conduct cases revolved around the facts and there is no common law of disorderly conduct. It is purely a creature of statute so we are bound by the statute. I find that the People have met their burden and I will submit that count to the Jury for them to decide. And the same arguments you made to me you are going to make to them.

Anything else?

MR. GIANNINI: Of course, Judge. My argument would have been if the discon (sic), charge was insufficient on the face and was dismissed then the