UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WILLIAM CUTHBERT,
           plaintiff,

-v-

THE TOWN OF EAST HAMPTON,
FRANK TROTTA,
BARRY JOHNSON
           defendants.

18 Civ. 4796 (JS)(AYS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 04 2019 ★
LONG ISLAND OFFICE

---

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

William Cuthbert
183 Hog Creek Road
East Hampton, NY 11937
Plaintiff, *pro se*

RECEIVED
JUN 04 2019
EDNY PRO SE OFFICE

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................. 2

STATEMENT OF FACTS ........................................................................ 3

PROCEDURAL HISTORY........................................................................ 4

STANDARD OF REVIEW ....................................................................... 4

LEGAL ARGUMENT ............................................................................... 6

POINT I

THE COMPLAINT STATES A CLAIM FOR MALICIOUS PROSECUTION UPON WHICH RELIEF CAN BE GRANTED.

    A. Defendant's conduct demonstrates a plausible cause of action for malicious prosecution and/or gross incompetence.

    B. The absence of probable cause is self-evident.

POINT II

THE ISSUE OF PERSONAL SERVICE ON TROTTA REMAINS UNRESOLVED.

CONCLUSION .......................................................................................... 11

## PRELIMINARY STATEMENT

The defendant's conduct demonstrates a plausible cause of action for malicious prosecution and/or gross incompetence. The request for dismissal pursuant to 12(b)(6) in this Court is misplaced. The dismissal for facial insufficiency in the inferior court was not obtained at the trial level despite being requested on three separate occasions. The prosecution and the trial court allowed a blatantly deficient case to proceed to trial and verdict. It was not until the appeal that the deficiency was acknowledged by an objective competent judiciary. The Appellate Term did not reach the substantive merits of plaintiff's argument because it did not have to. After directing dismissal for jurisdictional deficiency, the Appellate Term specifically noted as follows:

"In light of our determination, this court need not review defendant's other contentions." *People v. Cuthbert*, 2017 NY Slip.Op 51095(U).

Both the trial record and the findings of the Appellate Term evidence conduct on the part of law enforcement, the prosecution and the trial court that is indicative of malicious prosecution. The record below also reveals that the absence of probable cause is self-evident.

## STATEMENT OF FACTS

William Cuthbert was charged in the East Hampton Town Justice Court with disorderly conduct, resisting arrest and harassment. The violation information for disorderly conduct was alleged pursuant to Penal Law 240.20 (3). (See defense exhibit B). On April 25, 2014, defense counsel moved for a dismissal of the charges because the informations are facially insufficient. The People opposed and on August 7, 2014, the lower court denied the motion to dismiss in all respects. (See plaintiff exhibit A). On October 14, 15 and 16, 2014, a jury trial was conducted in the East Hampton Justice Court.

Frank Trotta, a police officer for the Town of East Hampton, testified that on January 23, 2014, he responded to a dispatch regarding a minor traffic accident. A verbal altercation ensued with Mr. Cuthbert who was one of the motorists involved in the accident. Trotta arrested Cuthbert for disorderly conduct and resisting arrest. *People v. Cuthbert*, 2017 NY Slip.Op 51095(U). At trial, defense counsel moved to dismiss twice. (See plaintiff exhibit B). The motions were denied. The jury found Cuthbert guilty of disorderly conduct, resisting arrest and harassment.

Cuthbert appealed to the New York State Appellate Term. It ordered reversal for facial insufficiency of the accusatory instrument. In light of the determination, it did not review defendant's other substantive contentions raised relative to the jury trial. *People v. Cuthbert*, 2017 NY Slip.Op 51095(U).

3

## PROCEDURAL HISTORY

Notice of Claim was served on November 13, 2017. The summons and complaint were served on February 11, 2019. On May 6, 2019, defendant served a motion to dismiss the complaint pursuant to Fed.R.Civ.P., 12(b)(2),(5),(6) and 12(f). The within is offered in opposition. Plaintiff is proceeding *pro se*.

## STANDARD OF REVIEW

Plaintiff's complaint must merely contain sufficient factual matter, accepted as true, to state a claim to relief. A Rule 12(b)(6) motion in any civil case is analyzed under the standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion, the plaintiff must state a claim that is "plausible on its face." A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The complaint should "raise a right to relief" and into the "realm of plausible liability." In other words, the complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id*. at 556-558.

Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Fed. R. Civ. P.*, 8(a)(2). The detail necessary to

4

survive a Rule 12(b)(6) must allow the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Id.* at 561.

Without converting a 12(b)(6) into a Rule 56 motion, the Court may consider consider documents incorporated by reference into the complaint. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Finally, and most importantly to this case, the Court may consider documents that are part of the public record such as evidence in a prior proceeding. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). Judicial notice of public court records are considered and it is permitted through judicial notice to consider records of inferior courts. *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978).

Here, it is requested that this Court incorporate by reference and take judicial notice of the records of an inferior trial and appellate court.

## LEGAL ARGUMENT

### POINT I

### THE COMPLAINT STATES A CLAIM FOR MALICIOUS PROSECUTION UPON WHICH RELIEF CAN BE GRANTED.

*A. Defendant's conduct demonstrates a plausible cause of action for malicious prosecution and/or gross incompetence.*

Defendants argue failure to state a claim for malicious prosecution because the appellate dismissal was premised on jurisdictional defect. Therefore, they contend it does not constitute a favorable determination for the purpose of a malicious prosecution claim. (See, plaintiff's memorandum, p. 9.). As its authority, defendants rely on cases that were disposed of on a motion for summary judgment. This is a Rule 12 motion. (See defendant's memorandum, p. 9, citing *Carrillos v. Inc. Vill. Of Hempstead*, 87 F. Supp. 3d 357 [EDNY 2015]). In *Carillos*, this Court reasoned that "*summary judgment* on the malicious prosecution claims is warranted on an independent ground. Specifically, there is no evidence that plaintiff obtained a favorable termination of the criminal proceeding for disorderly conduct, because the charge was dismissed due to defective charging information. *Id.* at , citing *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84-85, 735 N.Y.S.2d 868, 761 N.E.2d 560 (N.Y. 2001); (emphasis added).

Here, defendant's request for dismissal is misplaced. There has been no discovery. Further, the dismissal for facial insufficiency was not obtained at the

6

trial level. Rather, Cuthbert's pre-trial motion to dismiss was denied. (See plaintiff exhibit A). Despite the appropriate motion made at the appropriate time, the prosecution and the trial court allowed a blatantly deficient case to proceed to trial. It was not until the appeal that the deficiency was acknowledged by an objective competent judiciary. The Appellate Term did not reach the substantive merits of Cuthbert's argument because it did not have to. After directing dismissal for jurisdictional deficiency, the Appellate Term specifically noted as follows:

"In light of our determination, this court need not review defendant's other contentions." *People v. Cuthbert*, 2017 NY Slip.Op 51095(U).

In its finding of fact, the Appellate Term concluded that "at a jury trial, the testimony established that the van which defendant had been driving had been struck by another vehicle at an intersection in the Town of East Hampton, Suffolk County. When a police officer arrived at the scene, defendant complied with the officer's request to move his van to the side of the road. Defendant then became involved in a dispute with the officer, during which he allegedly raised his voice and used profanity. Police Officer Frank Trotta testified at one point that there were numerous vehicles at the intersection, but subsequently testified that there were only a few vehicles at the intersection." *Id.*

The trial transcript also reveals that Officer Trotta concededly testified that prior to the arrest, Cuthbert had not caused a public nuisance. He then subdued him

7

by forcing him chest first into the ground. (See plaintiff exhibit B). This information is contained in the appellate and trial court record. Officer Trotta swore to its veracity. Any testimony to the contrary at a discovery deposition would necessarily constitute perjury. The record reveals that defendant's only defense to malicious conduct on the part of Trotta would have to be gross incompetence. The difference between the two is a triable issue. In any event, this is not a response to a motion for summary judgment. The minimal threshold standard for this motion requires only that plaintiff state a claim upon which relief can be granted. While the Appellate Term found it unnecessary to address the substantive merits in its decision, its finding of fact and the trial record on appeal establish a basis for the claim stated and presented to this Court.

The record also documents potentially malicious conduct on the part of the trial court. Specifically, although Trotta testified that there was no public dimension to the disorderly conduct arrest, he decided to arrest Cuthbert anyway. Defense counsel at trial then moved for dismissal. The trial court denied defendant's application. An incredulous defense attorney queried the judge as follows:

"MR. GIANNINI: What is nature of the public nuisance?

THE COURT: Yelling and cursing in a loud voice where other people were there to hear it ... "

8

(See plaintiff exhibit B).

Remarkably, even after Officer Trotta's testimony conceded that there was no public dimension to appellant's conduct, the trial court allowed the prosecution to continue. Again, the only defense to the maliciousness of such conduct on the part of the trial court is gross incompetence. Defendant must now necessarily contend that a judge presiding over jury trials in New York State is oblivious to basic black letter law regarding disorderly conduct. see *Penal Law*, 240.20, 3; *People v. Baker*, 20 NY3d 354 (2013); *People v Jones*, 9 NY3d 259, 263 (2007); *People v. Munafo*, 50 N.Y.2d 326, 331, 428 N.Y.S.2d 924, (1980). Regardless, this Court is not being asked to entertain the argument as to whether this is a triable issue. Rather, Cuthbert has stated a claim for potential malicious prosecution that can be verified by a documented trial and appellate record.

Although not specifically contained in the record, it can be inferred that Cuthbert can make the same argument relative to the local district attorney's office. The prosecution drafted the jurisdictionally deficient accusatory instrument, opposed the pre-trial and trial motions to dismiss and then proceeded to prosecute to a jury trial. The decision to do so was either malicious or borne of legal incompetence.

B. *The absence of probable cause is self-evident.*

Defendants argue that there is no allegation that they lacked probable cause.

9

Trotta's sworn confession in the form of his testimony evidences that he made a disorderly conduct arrest while knowing there was no public dimension. Therefore, absence of the probable cause element to the charge is self-evident. Plaintiff has evidence sufficient to create a genuine dispute of material fact with respect to whether there was probable cause to arrest and prosecute for disorderly conduct. The allegation has not only been stated, it has already been proven.

## POINT II

### THE ISSUE OF PERSONAL SERVICE ON TROTTA REMAINS UNRESOLVED.

Defendant contends that Officer Trotta should be relieved of any personal liability because he is no longer an employee of the Town and was not personally served with the summons and complaint. (See defendant's memorandum of law, p. 21). Defendant requests that this be accepted as true "upon information and belief" because "the Marshal did not request that the Town accept service on Trotta's behalf and the Town did not state that it would accept service on his behalf." (See Sendlenski affidavit). The affiant is the Town Attorney and states that service was effected on the Town Clerk. There is no affidavit from the Town Clerk. Affiant was not privy to the conversation between the process server and the Town Clerk. Therefore, the affidavit swears to something that was personally witnessed by someone else. Defendant is asking this Court to personally excuse Trotta based on

a hearsay affidavit. At a minimum, resolution on the issue of personal service is one reserved for discovery or a traverse hearing.

## CONCLUSION

It is respectfully requested that defendant's motion to dismiss be denied in all respects.

                                                William Cuthbert
                                                Plaintiff, *pro se*

Dated: June 4, 2019
East Hampton, NY