UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WILLIAM E. CULBERTH,

                            Plaintiff,                             **REPORT AND**
                                                                     **RECOMMENDATION**
          -against-                                                    CV 18-4796 (JS) (AYS)

THE TOWN OF EAST HAMPTON NEW YORK,
FRANK TROTTA, and BARRY JOHNSON,

                            Defendants.
-------------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Before the Court, on referral from the Honorable Joanna Seybert for Report and Recommendation, is Defendants' motion to dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(5) and 12(b)(6), for failure to state a claim upon which relief may be granted and for insufficient service of process with respect to Defendant Frank Trotta. Plaintiff opposes the motion. For the reasons set forth below, this Court respectfully recommends that Defendants' motion be granted and that the Complaint be dismissed in its entirety.

### BACKGROUND

       The facts set forth below are those alleged in Plaintiff's Complaint. While the allegations of the Complaint are quite sparse, they are nonetheless accepted as true for the purposes of this motion.

       Plaintiff, William Cuthbert[1] ("Plaintiff" or "Cuthbert"), is a resident of Defendant Town of East Hampton (the "Town"). (Compl. ¶ 1.) The individual Defendants, Frank Trotta

---

[1] Plaintiff appears to have misspelled his last name as "Culberth" in his Complaint. From the documents submitted by Defendants in support of their motion, it appears that Plaintiff's last

1

("Trotta") and Barry Johnson ("Johnson") (collectively, "Defendant Police Officers"), were Town police officers at the time of the incident underlying this action. (Id. ¶ 4.)

On January 23, 2014, Plaintiff was arrested by the Defendant Police Officers and charged with disorderly conduct, harassment and resisting arrest following a motor vehicle accident that occurred within the Town of East Hampton. (Id. ¶ 11; see also People v. Cuthbert, 56 Misc. 3d 140 (2d Dep't 2017).)[2] Following a jury trial, Plaintiff was convicted of disorderly conduct and resisting arrest. (Compl. ¶ 12; Cuthbert, 56 Misc. 3d at *1.) Plaintiff appealed his convictions and, on August 24, 2017, the Appellate Division reversed Plaintiff's convictions and dismissed the charges of disorderly conduct and resisting arrest on the grounds that the charging instruments were facially insufficient, rendering them jurisdictionally defective. (Compl. ¶ 14; Cuthbert, 56 Misc. 3d at *2-3.)

Plaintiff thereafter commenced the within action on August 23, 2018, pursuant to 42 U.S.C. Sections 1983 and 1985, alleging the following causes of action: (1) malicious prosecution; (2) municipal liability; and (3) conspiracy. Defendants now move to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Defendants also seek to dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5), solely with respect to Defendant Trotta, on the grounds that he was never properly served in this action. Plaintiff opposes the motion.

---

name is actually Cuthbert, which is how Plaintiff will be referred to in this Report and Recommendation.

[2]  While the Court is generally limited to the facts alleged in the Complaint in deciding a motion to dismiss, the Court "may take judicial notice of another court's decision, not for the truth of the allegations raised in the other litigation, but to establish the fact of the litigation and related submissions." 421-A Tenants Assoc. Inc. v. 125 Court St. LLC, No. 17 Civ. 563, 2017 WL 6612933, at *3 (E.D.N.Y. Nov. 2, 2017) (citing Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008)).

DISCUSSION

I.      Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the Court is required to accept all of the factual allegations in the Complaint as true and to draw all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II.     Construction of a Pro Se Complaint

In light of the fact that Plaintiff is proceeding pro se, his submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,

94 (2007) (citation and quotation marks omitted).  Thus, his Complaint is to be liberally construed, Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citation and quotation marks omitted).  As noted by the Second Circuit, "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)) (alteration in original).

Despite the liberal construction rules applicable to Plaintiff's papers, his pro se status, however, "does not exempt [him] from compliance with relevant rules of procedural and substantive law." Boddie v. New York State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth, 710 F.2d at 95).  Indeed, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and citations omitted) (alteration in original).

III.    The Service of the Summons and Complaint on Defendant Trotta

Defendants move to dismiss Defendant Trotta from this action, pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5), on the grounds that Trotta was never properly served with a copy of the Summons and Complaint in this action.  Pursuant to Rule 4(m), if a defendant is not served with a copy of the complaint within ninety days from the time it is filed, the Court, on motion or on its own, after providing notice to Plaintiff, "must dismiss the action with prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Proof of good cause for the failure to serve by Plaintiff, however, requires the Court to

4

extend the time for service "for an appropriate period." Id.

Here, Plaintiff filed his Complaint on August 23, 2018. All Defendants were thereafter served by the United States Marshals Service, due to Plaintiff's in forma pauperis status, (DE [7]), via service on the Town Clerk on February 11, 2019. (Sendlenski Aff. ¶ 3; Brennan Aff. ¶ 2; DE [11]-[13].) According to Defendants, however, Defendant Trotta retired from the Town on September 28, 2017 and lives out of state. (Sendlenski Aff. ¶ 6.) The Town asserts that Trotta did not authorize the Town to accept service on his behalf; nor did the Marshals Service request that the Town accept service on Trotta's behalf. (Id. ¶¶ 5-6; Brennan Aff. ¶¶ 4-5.) Nor is there any proof that Plaintiff served Trotta personally with the Summons and Complaint. Accordingly, it appears that Trotta may not have any knowledge of this action against him.

However, the docket sheet reflects that the Summons and Complaint with respect to Trotta was served on the Town Clerk's Office by the Marshals and was returned executed by Jean Hamilton ("Hamilton"), identified as a Deputy Town Clerk. (DE [12].) The Process Receipt and Return clearly identifies that the Summons and Complaint were being served on Trotta at the Town Clerk's Office and were accepted on behalf of Trotta by Hamilton. (Id.) While it appears a mistake may have been made by the Town Clerk in accepting service on behalf of Trotta, it does not appear from the docket sheet that Defendants ever advised Plaintiff of this mistake. Accordingly, this Court finds that good cause exists to excuse Plaintiff's mistake in not properly serving Trotta and respectfully recommends that Defendants' motion to dismiss the Complaint against Trotta for insufficient service of process be denied. However, for the reasons set forth below, Plaintiff's Complaint fails to state a claim against any of the Defendants and should nonetheless be dismissed in its entirety.

5

IV.    Plaintiff's Claims

    A.    Malicious Prosecution

"To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motivation for defendant's actions." Sherman v. City of New York, No. 18-5359, 2019 WL 2164081, at *9 (E.D.N.Y. May 16, 2019) (quoting Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010)) (additional citation and internal quotation marks omitted). "To prevail on a § 1983 claim for malicious prosecution, the plaintiff must also establish 'a post-arraignment seizure.'" Sherman, 2019 WL 2164081, at *9 (quoting Swartz v. Insogna, 704 F.3d 105, 112 (2d Cir. 2013)).

As a threshold matter, malicious prosecution claims brought pursuant to Section 1983 are subject to a three-year statute of limitations. See Homere v. Incorporated Vill. of Hempstead, No. CV 17-3173, 2019 WL 2359684, at *14 (E.D.N.Y. Mar. 4, 2019) (citing Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995)). The statute of limitations "begins to run when the prosecution terminates in the plaintiff's favor." Peralta v. City of New York, No. 15-cv-4455, 2019 WL 3239349, at *4 (S.D.N.Y. July 18, 2019) (quoting Spak v. Phillips, 857 F.3d 458, 462 (2d Cir. 2017)). Plaintiff was acquitted of the charge of harassment upon the conclusion of his criminal trial on October 16, 2014, almost four years before he commenced the within action. See Cuthbert, 56 Misc. 3d at *1; see also Radi Decl., Ex. D. Accordingly, any claim for malicious prosecution based on the charge of harassment for which Plaintiff was tried and acquitted is time-barred and should be dismissed.

With respect to Plaintiff's malicious prosecution claim based on the charges of disorderly

6

conduct and resisting arrest, "[i]t is the plaintiff's burden to demonstrate that [the] charges against him were terminated favorably." Virgil v. City of New York, No. 17-CV-5100, 2019 WL 4736982, at *7 (E.D.N.Y. Sept. 27, 2019) (quoting Lazaratos v. Ruiz, No. 00-CV-2221, 2003 WL 22283832, at *3 (S.D.N.Y. Sept. 30, 2003)) (alteration in original).  The Second Circuit recently clarified the favorable termination element in Lanning v. City of Glens Falls, 908 F.3d 19 (2d Cir. 2018), holding that, for federal malicious prosecution claims, a "favorable termination" requires "affirmative indications of innocence." Id. at 25.  "The answer to whether termination is indicative of innocence depends on the nature and circumstances of termination; the dispositive inquiry is whether the failure to proceed impl[ies] a lack of reasonable grounds for prosecution." Virgil, 2019 WL 4736982, at *7 (quoting Murphy, 118 F.3d at 948) (alteration in original).  Where, as here, "the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused." Black v. Petitinato, 761 Fed. App'x. 18, 23 (2d Cir. 2019) (quoting Murphy, 118 F.3d at 948).

      Here, the New York State Appellate Division reversed Plaintiff's convictions and dismissed the charges of disorderly conduct and resisting arrest lodged against him for facial insufficiency.  "Dismissals of criminal proceedings for facial insufficiency are 'not sufficiently favorable to the accused to be indicative of innocence.'" Black, 761 Fed. App'x at 23 (quoting Murphy, 118 F.3d at 948).  Numerous courts within this circuit have held the same. See e.g., Bristol v. Queens County, No. CV 09-5544, 2018 WL 5077166, at *14 (E.D.N.Y. Mar. 30, 2018) ("[W]hen the prosecution is terminated and charges are dismissed because of facial insufficiency, such circumstances do not constitute a favorable termination."); Carillos v. Incorporated Vill. of Hempstead, 87 F. Supp. 3d 357, 380 (E.D.N.Y. 2015) ("It is well settled

7

that a dismissal for facial insufficiency is inadequate to constitute a favorable termination for the purposes of plaintiff's malicious prosecution claim.") (collecting cases); Gem Fin'l Serv., Inc. v. City of New York, No. 13-CV-1686, 2014 WL 1010408, at *10 (E.D.N.Y. Mar. 17, 2014) ("Dismissals based on legal insufficiency do not satisfy the favorable termination element."); see also Russell v. The Journal News, 672 Fed. App'x 76, 78-79 (2d Cir. 2016) (holding that plaintiff's prosecution did not terminate in his favor when "the state court dismissed the charges . . . based on facial insufficiency") (citing Breen v. Garrison, 169 F.3d 152, 153 (2d Cir. 1999)). Since Plaintiff cannot demonstrate that his underlying criminal proceeding terminated in his favor, he fails to state a claim for malicious prosecution. Accordingly, this Court respectfully recommends that Plaintiff's malicious prosecution claim be dismissed.

B.  Municipal Liability

Pursuant to the Supreme Court's decision in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Id. at 694. Rather, a municipal entity may only be held liable where injury results from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Id. A municipality may not be held liable under Section 1983 under a respondeat superior theory. See Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986). Therefore, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91). "The plaintiff must show a

8

'direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'" Mazzone v. Town of Southampton, 283 F. Supp. 3d 38, 61 (E.D.N.Y. 2017) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

"In determining municipal liability, it is necessary to conduct a separate inquiry into whether there exists a 'policy' or 'custom.'" Davis v. City of New York, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002). "Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertion[s] devoid of further factual enhancement." McLennon v. City of New York, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (quoting Green v. City of Mount Vernon, 96 F. Supp. 3d 263, 301-02 (S.D.N.Y. 2015)) (additional citation and internal quotation marks omitted) (alteration in original). At the pleading stage, "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (internal citation and quotation marks omitted).

To demonstrate a policy, custom, or practice for purposes of municipal liability, "a plaintiff need not identify an expressly adopted rule." Mazzone, 283 F. Supp. 3d at 61. Rather, a plaintiff may plead the existence of a municipal policy or custom by alleging any one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by governmental officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Jones v. Bay Shore Union Free Sch. Dist., 170 F. Supp. 3d 420, 438 (E.D.N.Y. 2016),

aff'd, 666 F. App'x 92 (2d Cir. 2016) (quoting Brandon v. City of New York, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

Here, the allegations of the Complaint fail to substantiate any of the four Monell categories. Rather, the Complaint alleges that "[D]efendants and their supervisors have in the past falsely arrested individuals, solicited improper prosecutions of such individuals, and made, and allowed other fellow police officers, to make false entries in official police department records to cover up and hide assaults batteries and false arrests by police officers." (Compl. ¶ 20.) The Complaint then goes on to allege that the Town "has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of defendant officers in this and in similar cases involving police violence and misconduct." (Id. ¶ 21.) Finally, the Complaint alleges that the Town failed to "properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of defendants and other police officers in this and similar cases involving police violence and misconduct." (Id. ¶ 22.) Such conclusory allegations are nothing more than a formulaic recitation of the elements of a Monell claim, without any factual support to substantiate them. See Vail v. City of New York, 68 F. Supp. 3d 412, 431 (S.D.N.Y. 2014) ("A municipal policy may be pronounced or tacit and reflected in either action or inaction, but either way Plaintiff must allege it with factual specificity, rather than by bare and conclusory statements.").

Moreover, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." Jones, 170 F. Supp. 3d at 438 (quoting City of

10

Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985)).  Plaintiff's Complaint contains no concrete factual allegations demonstrating that anyone other than he has been subjected to the alleged unconstitutional policy or custom he claims to exist.  Accordingly, this Court holds that Plaintiff fails to state a claim for municipal liability and, as such, the claim should be dismissed.[3]

    C.    Conspiracy

Plaintiff's Complaint conclusorily alleges that Defendants conspired to deprive him of his "civil, constitutional and statutory Rights" in violation of Section 1983 and 42 U.S.C. § 1985 ("Section 1985").  (Compl. ¶ 26.)  This claim fails for multiple reasons.

First, to state a claim for conspiracy under Section 1983, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Homere, 2019 WL 2359684, at *16 (quoting Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002)).  "Complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct."  Ciambriello, 292 F.3d at 325.  "[G]eneral allegations must be 'augmented by some details

---

[3] The Court notes that Plaintiff's opposition to Defendants' motion to dismiss fails to address his municipal liability claim whatsoever, thereby deeming the claim abandoned.  See Ross v. Port Chester Housing Auth., No. 17-CV-4770, 2019 WL 4738941, at *7 (S.D.N.Y. Sept. 27, 2019) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claim.") (collecting cases).  Such abandonment provides an independent ground for dismissal of the claim.

of time and place and the alleged effects of the conspiracy.'" Homere, 2019 WL 2359684, at *16 (quoting K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013)) (additional citation and internal quotation marks omitted). Plaintiff's Complaint fails entirely to meet this pleading standard as the allegations are wholly speculative and conclusory and fail to allege any details of time and place with respect to the alleged conspiratorial conduct whatsoever. As such, Plaintiff's Section 1983 conspiracy claim fails to state a claim.

Second, to sufficiently plead a conspiracy claim pursuant to Section 1985, a plaintiff "must allege a conspiracy 'motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus.'" Aikens v. Cerrito, No. 19-CV-5168, 2019 WL 5423332, at *2 (E.D.N.Y. Oct. 22, 2019) (quoting Dolan v. Connolly, 794 F.3d 290, 296 (2d Cir. 2015)). Here, Plaintiff's Complaint does not contain any allegation that he is a member of any class that "possess[es] the type of inherited or immutable characteristics sufficient to satisfy the class-based animus requirement." Dolan, 794 F.3d at 296. Since Plaintiff fails to allege any facts demonstrating that the purported conspiracy was motivated by some form of class-based animus, his Section 1985 conspiracy claim fails to state a claim as well.

Finally, "[i]t is well-settled that, under the intracorporate conspiracy doctrine, an entity cannot conspire with itself." Williams v. County of Nassau, No. 15-CV-7098, 2017 WL 1216566, at *6 (E.D.NY. Mar. 30, 2017) (quoting Michael v. County of Nassau, No. 09-CV-5200, 2010 WL 3237143, at *5 (E.D.N.Y. Aug. 11, 2010)). Pursuant to the intracorporate conspiracy doctrine, "officers, agents, and employees of a single corporate entity or municipal entity, each acting within the scope of his or her

employment, are legally incapable of conspiring with each other." Rodriguez v. City of New York, 644 F. Supp. 2d 168, 200 (E.D.N.Y. 2008).  Municipalities are included within this doctrine.  See Williams, 2017 WL 1216566, at *6.  Here, the Defendant Police Officers were both Town of East Hampton employees, acting within the scope of their employment.  Accordingly, any conspiracy claim regarding their conduct is barred by the intracorporate conspiracy doctrine and should be dismissed.[4]

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion to dismiss pursuant to Rules 4(m) and 12(b)(5) on behalf of Defendant Trotta for insufficient service of process be denied.  However, the Court recommends that Defendants' motion to dismiss pursuant to Rule 12(b)(6) be granted, since the Complaint fails to state a claim upon which relief may be granted, and that Plaintiff's Complaint be dismissed in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel.  Further, the Court directs Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es) and to file proof of service on ECF by February 26, 2020.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).

---

[4] The Court notes that, as with Plaintiff's claim for municipal liability, Plaintiff's opposition to Defendants' motion to dismiss fails to address his conspiracy claim, thereby deeming the claim abandoned as well.  See Hanig v. Yorktown Cent. Sch. Dist., 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause Plaintiff did not address defendant[s'] motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed.").

Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
February 21, 2020                               /s/      Anne. Y. Shields
                                                ANNE Y. SHIELDS
                                                United States Magistrate Judge