UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

WILLIAM E. CUTHBERT

        Plaintiff

-against-

THE TOWN OF EAST HAMPTON NEW YORK,
AND POLICE OFFICERS FRANK TROTTA
AND BARRY JOHNSON

        Defendants.

-----------------------------------------------------------X

AFFIDAVIT
BY
WILLIAM E. CUTHBERT

18 Civ. 4796 (JS) (AYS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 11 2020 ★
LONG ISLAND OFFICE

STATE OF NEW YORK ) ss:
COUNTY OF SUFFOLK )

RECEIVED
MAY 13 2020
EDNY PRO SE OFFICE

I WILLIAM E. CUTHBERT, being duly sworn, deposes and says:

1. I am the Pro se Plaintiff in the above captioned case.

2. I make this AFFIDAVIT IN SUPPORT of my OBJECTION to **Magistrate Judge Anne Y. Shields' RECOMMENDATION** to dismiss my case.

3. On Jan. 23, 2014, P.O. Trotta, without probable cause to believe I committed any crime or offense, falsely arrested me for Disorderly

1

Conduct. His reason, he did not like my attitude. Later, at the EHTP Station, he added Harassment and Resisting Arrest.

4. After being falsely arrested, and handcuffed without resistance, I was assaulted and abused. First by P.O. Trotta, joined in by P.O. Johnson. The officers' physical abuse of me, while I was handcuffed painfully to the rear, caused injuries all over my upper body.

5. Jana Nishida, my girlfriend, came to the scene and took two photos of me being held on the iced ground by P.O. Johnson with his left knee pressing into my back. These photos were defense exhibits at my criminal trial. (Exhibit A the two photos mentioned above)

6. On Jan. 23, 2014, the police officers held me on the iced ground for about 40 minutes. Then I was dragged over to a police car and thrown onto the rear seat. Then I was hogtied and driven to the East Hampton Town Police Station. While there, Sergeant Clafin took photos of some of my injuries. The Sergeant titled the photos, "Injuries possibly caused in custody." Meaning in the custody of Officers Trotta and Johnson. These photos, at my trial, were defense exhibits.

7. On Jan. 14, 2014, I made Station House bail in the amount of $300 and was given an Appearance Ticket to appear in the East Hampton Town Justice Court for arraignment on the trumped-up charges.

8. On Jan. 23, 2014, after making bail, Jana and I went to see Doctor Kerr to have him examine my injuries. We were too late to see him. We drove home and Jana took photos of my injuries. These photos, at my trial, were defense exhibits.

9. On Jan. 24, 2014 Jana and I went back to see Dr. Kerr. I told him the day before, Jan. 23, 2014, I was assaulted by two East Hampton Town Police Officers. I have the medical records for that visit and all after.

10. I retained, by referral, Patrick F. Gunn Esq. He has a particularly good reputation and was a former Assistant District Attorney in Suffolk County. I told him I was falsely arrested and physically abused and the charges against me were all lies.

11. Mr. Gunn, after digging in the case against me, advised me not to take my case to trial. He said, because the Prosecution would call four police officers to the stand.

3

12. On April 10, 2014 Patrick Gunn, Esq. informed me, by letter, of the prosecutor's plea bargain offers. I turned the offers down. And told Mr. Gunn again, "I'm innocent and want to go to trial."

13. On April 24, 2014, Mr. Gunn filed a NOTICE OF MOTION. Where he argued the facial insufficiency of the Disorderly Conduct Information. Writing that the words between P.O. Trotta and me were one on one. Words spoken without any public context.

14. On June 13, 2014 the Prosecution filed an AFFIRMATION IN OPPOSITION to my attorney's motion to dismiss all the Informations.

15. On Aug. 7, 2014, Judge Tekulsky, in a written decision, denied Mr. Gunn's motion to dismiss the case against me.

16. On Aug. 8, 2014, Mr. Gunn, by letter, again informed me of the plea offers and added ". . . it is very unlikely that you will be victorious at trial."

17. On Aug. 22, 2014 I advised Mr. Gunn that I had retained Joseph Giannini Esq. to take over my case. Mr. Giannini filed a Notice of Appearance that same day.

18. On Oct. 14, 2014 my criminal trial began. The Prosecution called four East Hampton Town Police Officers and one civilian. I testified on my own behalf along with my girlfriend, Jana Nishida.

19. During my trial P.O. Trotta testified that there was no public nuisance before he arrested me. On direct at page 10, L 5-25 and page 11, L 5-25. On cross at page 33, L 4-21. His testimony dovetails with his sworn statement in the Disorderly Conduct Information.

20. On Oct. 17, 2014, I was found Guilty of Disorderly Conduct and Resisting Arrest and Not Guilty of Harassment. My case was put over to Dec. 4, 2014 for Sentencing.

21. On Oct. 17, 2014 Judge Tekulsky ordered me to report to Suffolk County Probation Department for a Pre-Sentencing Interview.

22. On Nov. 4, 2014 I went to the Suffolk County Probation Department, with my attorney, for a pre-sentencing interview. He was there to answer any questions about the case and for moral support.

23. On Nov. 4, 2014 Probation Officer Yvette A. Mulhall, at the end of a long interview, said to me, "I believe you were mistreated by the

5

police officers and you are innocent. I will recommend a Conditional Discharge."

24. On Dec. 4, 2014, I appeared in Justice Court for sentencing. When Judge Tekulsky asked if I wanted to say something before he imposed sentence I said, "Yes, I am innocent. I did not take a plea because I am innocent. I went to trial because I am innocent. I will appeal because I am innocent." Judge Tekulsky then said to me, "A jury of your peers found you guilty beyond a reasonable doubt." Then he sentenced me to a Conditional Discharge and 8 hours of anger management counseling to be completed in one year.

25. On Dec. 20, 2014, Mr. Giannini filed a Notice of Appeal for me. Then recommended Del Atwell, Esq. to do the appeal. I took his advice and retained Mr. Atwell.

26. On Aug. 24, 2017, the Supreme Court, Kings County Appellate Term, reversed and dismissed my convictions based on facial insufficiency of the Disorderly Conduct Information. The same issue that Patrick F. Gunn, Esq. raised before I was held over to stand trial. And the same issue that Mr. Giannini raised before, during and after

my *criminal* trial. The Appellate Court decision did not go beyond the first point in my Appellate Brief.

27. Now Mark A. Radi, the Defendant's attorney, and **ANNE Y. SHIELDS, United States Magistrate Judge**, have written I do not have a meritorious claim and my case should be dismissed.

28. Mr. Radi went so far as to write, "Plaintiff does not have a federal lawsuit merely because he beat the charges on a jurisdictional technicality." (See his PRELIMINARY STATEMENT in his MEMO OF LAW at page 1, L 5 and 6)

29. Defendant's Counsel, when he uses the words jurisdiction technicality, should remember I was falsely arrested for nothing. The Disorderly Conduct Information failed to allege any unlawful conduct. It was, beyond a doubt, a trumped-up charge that passed muster. It survived repeated motions to dismiss. It caused me to be tried for nothing. And convicted of nothing. And win my appeal that means nothing.

30. The phrase jurisdictional technicality was the basis for me being railroaded by systemic corruption and misconduct in our Criminal

Justice System. Now it seems the same will occur in our Federal Civil Justice System.

31. From the get-go I maintained I was arrested for nothing and physically abused. I am innocent and trusted in our system of laws to help me. So far not so.

32. Now United States Magistrate Judge ANNE Y. SHIELDS is recommending that my case be dismissed because I failed to state a claim. How does the Magistrate's RECOMMENDATION stack up against the following: On Jan. 23, 2014, P.O. Trotta had no probable cause to arrest me. So, he falsely arrested me because he did not like my attitude. Later that day P.O. Trotta drafted and swore to a Disorderly Conduct Information that did not allege any unlawful acts. So.

33. While my criminal case was pending, The East Hampton Star, the paper of record here, published very hurtful articles about me and my case. Mr. Giannini responded by writing three letters to the editor, titled, "State v Cuthbert," "He Will Be Vindicated," and "Law and Disorder." (Exhibit B, the letter "Law and Disorder" as it appeared in The Star and Mr. Giannini's copy)

8

34. I have been fighting for over six years to vindicate myself in both state and federal courts. Justice abounds?

*William E. Cuthbert*
William E. Cuthbert

Sworn to this 9th
day of May, 2020

*Mary E. Croghan*

MARY E. CROGHAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CR6095486
Qualified in Suffolk County
My Commission Expires July 14, 2023





## Law and Disorder

Springs
September 10, 2017

David,

On Aug. 24, William E. Cuthbert was finally vindicated. The New York State Appellate Term reversed and dismissed his convictions in East Hampton Town Justice Court.

Back on Oct. 16, 2014, he was convicted of disorderly conduct and resisting arrest. The jury trial was before Justice Steven Tekulsky. Further, the appellate term ordered our Town Justice Court to remit to William Cuthbert all fines, surcharges, and fees paid by him.

I was Mr. Cuthbert's trial counsel. Patrick Gunn Esq. also represented him. Del Atwell Esq. was his appellate counsel. Mr. Atwell argued and won the appeal.

All the above and below arose from a minor traffic accident on Jan. 23, 2014. Mr. Cuthbert was not at fault. Less than an hour after the accident, he was taken into custody. He was brutally abused, then falsely charged by East Hampton Town Police Officers Trotta and Johnson.

Mr. Gunn, well before trial, moved to dismiss the charges against Mr. Cuthbert. Justice Tekulsky denied his motion. Mr. Gunn argued the very same reason that the appellate court cited in dismissing the charges. Simply put, the charges as alleged were not criminal acts.

I adopted Patrick Gunn's motion and moved to dismiss the charges on several occasions. Again, again, and again, Justice Tekulsky refused to dismiss.

We were right on the law. The judge was wrong. That wrong led to a serious injustice to William Cuthbert, a jury trial, presided over by Justice Tekulsky. At trial, four town police officers and one civilian testified for the prosecution. Mr. Cuthbert testified on his own behalf, and Jana Nishida, a friend of his, backed his word. He was convicted of disorderly conduct and resisting arrest; acquitted of harassment.

William Cuthbert, because of these convictions, had to be interviewed by Suffolk County Probation. A probation officer was required to write a pre-sentence report for Justice Tekulsky. I went with Mr. Cuthbert for his interview. The probation officer's interview was both in-depth and wide-ranging, lasting over one hour. Near the end, the probation officer said to Mr. Cuthbert, "I believe you were mistreated by the police officers and you are innocent." Then added, "My recommendation to the court will be a conditional discharge," meaning no jail or probation.

On Dec. 4, 2014, William Cuthbert appeared in Justice Court for sentencing. He was asked by Justice Tekulsky if he wanted to say something before sentence was imposed. He replied, "Yes. I am innocent. I did not take a plea because I am innocent. I went to trial because I am innocent. I will appeal because I am innocent." Judge Tekulsky then reminded Mr. Cuthbert that a jury of his peers had found him guilty beyond a reasonable doubt. Then the judge sentenced him to a conditional discharge and eight hours of anger-management counseling, to be completed in one year.

The case, People of the State of New York against William E. Cuthbert, is a classic display of law and disorder. Police brutality, trumped-up charges, a judge that would not follow the law, a prosecution that went awry. Finally, a jury that rendered convictions based on false testimony that proved nothing. A perfect storm of criminal injustice.

On Dec. 14, 2014, after sentencing, I wrote a letter to the editor of The East Hampton Star. The editor chose the title, "He Will Be Vindicated." As Marines say, "There it is."

Note: William and I will soon return to East Hampton Justice Court, to get back all the money the court wrongfully took from him.

Semper fi,
JOSEPH GIANNIN

David,                                              September 1, 2017

## LAW AND DISORDER

On August 24, 2017 William E. Cuthbert was finally vindicated. The New York State Appellate Term reversed and dismissed his convictions in our Town Justice Court. Back on October 16, 2014 he was convicted for Disorderly Conduct and Resisting Arrest. The jury trial was before Judge Steven Tekulsky. Further, the Appellate term ordered our Town Justice Court to remit to William Cuthbert all fines, surcharges and fees paid by him. I was Mr. Cuthbert's trial counsel. Patrick Gunn Esq. also represented him. Del Atwell Esq. was his appellate counsel. Mr. Atwell argued and won the Appeal.

All the above and below arose from a minor traffic accident on January 23, 2014. William Cuthbert was not at fault. Less than hour after the accident Mr. Cuthbert was taken into custody. Brutally abused, then falsely charged by Town Police Officers Trotta and Johnson.

Patrick Gunn Esq., well before trial, moved to dismiss the charges against William Cuthbert. Judge Steven Tekulsky denied his motion. Mr. Gunn argued the very same reason that the Appellate Court cited in dismissing the charges. Simply put, the charges as alleged were not criminal acts I adopted Patrick Gunn's motion and moved to dismiss the charges on several occasions. Again, again and again Judge Tekulsky refused to dismiss.

We were right on the law. The Judge was wrong. Wrong led to a serious injustice to William Cuthbert. A jury trial presided over by Judge Tekulsky. At trial four Town Police Officers and one civilian testilied for the Prosecution. Mr. Cuthbert testified on his own behalf and Jana

1

B2

Nishida, a friend of his, backed his word. He was convicted, of Disorderly Conduct and Resisting Arrest. Acquitted of Harassment.

William Cuthbert, because of these convictions, had to be interviewed by Suffolk County Probation. A Probation Officer was required to write a Pre-Sentence Report for Judge Tekulsky. I went with Mr. Cuthbert for his interview. The Probation Officer's interview was both in depth and wide ranging. Lasting over 1 hour. Near the end the Probation Officer said to William Cuthbert, "I believe you were mistreated by the police officers and you are innocent." Then added, my recommendation to the Court will be a Conditional Discharge. Meaning no jail or probation.

On December 4, 2014 William Cuthbert appeared in Justice Court for sentencing. Mr. Cuthbert was asked by Judge Tekulsky if he wanted to say something before sentence was imposed. William Cuthbert replied, "Yes, I am innocent. I did not take a plea because I am innocent. I went to trial because I am innocent. I will appeal because I am innocent." Judge Tekulsky then reminded Mr. Cuthbert that a jury of his peers found him guilty beyond a reasonable doubt. Then the Judge sentenced him to a Conditional Discharge and 8 hours of anger management counseling. To be completed in one year.

The case, People of the State of New York against William E. Cuthbert is a classic display of Law and Disorder. Police brutality, trumped up charges, a Judge that would not follow the law, a prosecution that went awry. Finally a jury that rendered convictions based on false testimony that proved nothing. A perfect storm of criminal injustice.

On December 14, 2014, after sentencing, I wrote a letter to the Editor of The East Hampton Star. The Editor chose the title, "He Will Be Vindicated." As Marines say, "There It Is."

B2

B2

Semper Fi,

Joseph Giannini Esq.

631-324-4778

Note: William and I will soon return to our Town Justice Court. To get back all the money the Court wrongfully took from him.

B2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

William E. Cuthbert

              Plaintiff,                      Affirmation of Service

-against-

THE TOWN OF EAST HAMPTON, NEW YORK            18 CV 4796 (JS) (AYS)
FRANK TROTTA AND BARRY JOHNSON

              Defendants

_____X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 11 2020
LONG ISLAND OFFICE

I, Joseph Giannini, Esq., declare under penalty of perjury that I have served a copy of the attached Plaintiff's Objection by Priority Mail (RRR) upon Defendant's Counsel Mark A. Radi whose address is 179 Westbury Avenue, Carle Place New York 11514.

RECEIVED
MAY 13 2020
EDNY PRO SE OFFICE

Dated: May 9, 2020
Suffolk, New York

_Joseph Giannini_
(S)ignature

90 Isle of Wight
Address

East Hampton, NY 11935
City, State, Zip Code

USPS.COM/PICKUP

To schedule free
Package Pickup,
scan the QR code.

RECEIVED
CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
✯ MAY 11 2020
LONG ISLAND OFFICE

**PRIORITY MAIL***

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Joseph Giamini, Esq.
90 Forest Drive
East Hampton NY 11937

TO:
Honorable Joanna Seybert
United States District Court
Eastern District of NY
100 Federal Plaza
Islip NY 11722

FOR DOMESTIC AND INTERNATIONAL USE
Label 228, March 2016

DuPont™ Tyvek®
Protect What's Inside.™

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14 © U.S. Postal Service; October 2018; All rights reserved.

1005
11722

U.S. POSTAGE PAID
PM 1-DAY
AMAGANSETT, NY
11930
MAY 09, 20
AMOUNT
**$13.90**
R2305K131097-02

