UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
WILLIAM E. CULBERTH,

                    Plaintiff,

                                    MEMORANDUM & ORDER

      -against-                  18-CV-4796(JS)(AYS)

THE TOWN OF EAST HAMPTON NEW YORK,
FRANK TROTTA, and BARRY JOHNSON

                    Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:      William E. Cuthbert, pro se
                    183 Hog Creek Road
                    East Hampton, New York 11937

For Defendants:     Mark A. Radi, Esq.
                    Sokoloff Stern
                    179 Westbury Avenue
                    Carle Place, New York 11514

SEYBERT, District Judge:

        Pro se plaintiff William E. Cuthbert[1] ("Plaintiff") commenced this action on August 23, 2018 against defendants the Town of East Hampton New York (the "Town"), Town Police Officer Frank Trotta ("Trotta"), and Town Police Officer Barry Johnson ("Johnson") (collectively, "Defendants"), asserting claims for malicious prosecution, municipal liability, and conspiracy, under 42 U.S.C. §§ 1983 and 1985. (Compl., D.E. 1.) On February 21, 2020, Magistrate Judge Anne Y. Shields issued a

---

[1] As pointed out by Judge Shields, Plaintiff appears to have misspelled his last name as "Culberth" in the Complaint and "Cuthbert" is the correct spelling. (R&R, D.E. 23, at 1 n.1.)

Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's Complaint in its entirety.[2] (R&R.) Plaintiff filed objections to the R&R. (Pl. Obj., D.E. 28; Defs. Reply, D.E. 29.) For the reasons that follow, Plaintiff's objections are OVERRULED and Judge Shields' R&R is ADOPTED in its entirety.

<u>BACKGROUND</u>[3]

Trotta and Johnson are Town police officers, who, on January 23, 2014, arrested Plaintiff and charged him with disorderly conduct, harassment, and resisting arrest. (Compl. ¶¶ 1, 4, 11.) A jury acquitted Plaintiff of the harassment charge but convicted him of the disorderly conduct and resisting arrest charges. <u>See</u> <u>People v. Cuthbert</u>, 56 Misc. 3d 140(A), 65 N.Y.S.3d 492 (2d Dep't 2017).[4] Plaintiff appealed and on August 24, 2017, the New York State Appellate Division, Second Department, reversed

---

[2] Judge Shields also found that "good cause exists to excuse Plaintiff's mistake in not properly serving Trotta" and recommended that the Court deny the portion of Defendants' motion to dismiss against Trotta for insufficient process. (R&R at 5.)

[3] The allegations in the Complaint are assumed to be true for the purposes of this motion to dismiss. <u>Dick v. Enhanced Recovery Co., LLC</u>, No. 15-CV-2631, 2016 WL 5678556, at *2 (E.D.N.Y. Sept. 28, 2016).

[4] The Court is permitted to take judicial notice of facts contained in publicly available documents, including, in this case, the filings in the State court criminal proceedings. <u>See</u> <u>Person v. White</u>, No. 09-CV-3920, 2010 WL 2723210, at *3 (E.D.N.Y. July 2, 2010) (quoting <u>Commer v. McEntee</u>, No. 00-CV-7913, 2006 WL 3262494, at *23 (S.D.N.Y. Nov. 9, 2006)).

Plaintiff's convictions and dismissed the accusatory instruments on the grounds that they were "jurisdictionally defective." Cuthbert, 56 Misc. 3d 140(A), 65 N.Y.S.3d 492.

ANALYSIS

I.  Legal Standard

A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3). "The objections of parties appearing pro se are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'"   Brown v. Smith, No. 09-CV-4522, 2012 WL 511581, at *2 (E.D.N.Y. Feb. 15, 2012) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).

II.  Discussion

By letter dated April 6, 2020, Plaintiff indicated that he intended to engage the help of an attorney to assist him with "ghost writing" his objections.  (Apr. 6, 2020 Ltr., D.E. 26.)  On April 10, 2020, the Court granted Plaintiff's request for an extension to file his objections, directed Plaintiff to "clearly indicate whether he received assistance from an attorney in drafting or 'ghost writing' the objections," and warned him that "the Court will not afford the objections the special solicitude

normally afforded to pro se submissions in the event pro bono counsel assists him in drafting or ghost writing the objections." (Apr. 10, 2020 Elec. Order (citing Price v. City of N.Y., 2018 WL 3117507, at *5 n.5 (S.D.N.Y. June 25, 2018).) Plaintiff does not indicate whether he received assistance with drafting the objections. Nonetheless, for the reasons stated herein, the Court adopts Judge Shields' R&R when considering Plaintiff's pro se status.

A.   The Objections

Plaintiff does not appear to object to Judge Shields' recommendation that the Court dismiss Plaintiff's claims for (1) malicious prosecution arising out of the harassment charge; (2) municipal liability; and (3) conspiracy. (R&R at 6-13.) "There is no need to review de novo the portions of the R&R to which [Plaintiff] does not object. Nonetheless, this Court has reviewed these portions for clear error, and concurs" with Judge Shields' recommendation. Rodriguez v. Perez, No. 09-CV-2914, 2012 WL 3288116, at *1 (E.D.N.Y. Aug. 9, 2012). Accordingly, these claims are DISMISSED.[5]

---

[5] Further, Plaintiff's malicious prosecution claim arising out of the harassment charge is properly dismissed because it is indisputably time-barred. (See R&R at 6.) The Court also agrees with Judge Shields that Plaintiff abandoned his municipal liability and conspiracy claims because Plaintiff does not reference or make any arguments as to those claims in his opposition or his objections. (See R&R at 11 n.3 & 13 n.4); Jennings v. Hunt Companies, Inc., 367 F. Supp. 3d 66, 69

Plaintiff purportedly objects to Judge Shields' recommendation that the Court dismiss his malicious prosecution claim arising out of the disorderly conduct and resisting arrest convictions.    Judge Shields found that "Plaintiff cannot demonstrate that his underlying criminal proceeding terminated in his favor" and therefore recommended that the Court dismiss this claim.    (R&R at 6-8.)    Plaintiff argues that "[t]he Disorderly Conduct Information failed to allege any unlawful conduct" and that the "phrase jurisdictional technicality was the basis for [Plaintiff] being railroaded by systemic corruption and misconduct in our Criminal Justice System" because there was no probable cause to arrest him.    (Pl. Obj. ¶¶ 29-32.)

The Court construes this objection as arguing that the charges against Plaintiff terminated in his favor, and in light of the uncertainty surrounding Plaintiff's pro se status, considers it under de novo review.    To state a claim for malicious prosecution under Section 1983, a plaintiff must "show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." Lanning v. City of Glens Falls, 908 F.3d 19, 22 (2d Cir. 2018); Jones v. City of N.Y., No.

_____

(S.D.N.Y. 2019) (collecting cases); Randall v. Dish Network, LLC, No. 17-CV-5428, 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (collecting cases); Verdi v. City of N.Y., 306 F. Supp. 3d 532, 552 (S.D.N.Y. 2018) (dismissing abandoned claims with prejudice).

19-CV-9126, 2019 WL 6529303, at *3-4 (S.D.N.Y. Dec. 3, 2019) ("A malicious prosecution claim under § 1983 requires four elements: (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendants' actions.") (citations omitted). Thus, "where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, . . . it cannot provide the favorable termination required as the basis for [that] claim." Thompson v. Clark, 364 F. Supp. 3d 178, 195 (E.D.N.Y. 2019) (quoting Lanning, 908 F.3d 28-29) (alteration in original).

        Plaintiff's objections are overruled. Even if Plaintiff were to sufficiently satisfy the "lack of probable cause" element for a malicious prosecution claim, Plaintiff's claim still fails as a matter of law where, as here, the underlying criminal proceeding did not terminate in his favor. In Lanning, "the Second Circuit reaffirmed the longtime requirement that favorable termination under federal law requires that 'the prosecution terminated in some manner indicating that the person was not guilty of the offense charged,' based on the 'merits' rather than 'on any number of procedural or jurisdictional grounds.'" Rosario v. City of N.Y., No. 18-CV-4023, 2019 WL 4450685, at *4 (S.D.N.Y. Sept. 16, 2019) (quoting Lanning, 908 F.3d at 28). "No single type of

disposition is necessary or sufficient, but the termination must be 'measured in objective terms by examining the totality of the circumstances.'"   Id. (quoting Lanning, 908 F.3d at 28).   Under this standard, the Lanning plaintiff's "'vague allegations' of favorable termination were insufficient, because the . . . plaintiff agreed the dismissals were based at least in part on lack of jurisdiction; and a state court had explicitly stated that there was no 'determination of the merits' upon dismissal."   Id. (quoting Lanning, 908 F.3d at 28).

Here, Plaintiff's disorderly conduct and resisting arrest convictions were reversed and the accusatory instruments were dismissed as a result of jurisdictional defects.   See Cuthbert, 56 Misc. 3d 140(A), 65 N.Y.S.3d 492.   Although Plaintiff argued on appeal that "the evidence was legally insufficient to establish his guilt of disorderly conduct and resisting arrest beyond a reasonable doubt" and the "verdicts of guilt were against the weight of the evidence," the Second Department did not pass on the merits of the charges.   Id. ("In light of our determination, this court need not review defendant's other contentions.").   Therefore, the Second Department's decision reversing the disorderly conduct and resisting arrest convictions is not a termination in Plaintiff's favor.   As such, Plaintiff's objections are OVERRULED and his claims for malicious prosecution are

DISMISSED.  See Mhina v. Colavita, No. 15-CV-0327, 2020 WL 224743, at *4 (N.D.N.Y. Jan. 15, 2020) (collecting cases).

    B.   Leave to Amend

       The "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend," and a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citations omitted).  However, "a futile request to replead should be denied."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).  Moreover, while amendments to pro se complaints should be granted "fairly freely," even pro se litigants are not entitled to unlimited opportunities to amend their pleadings.  Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980) (citation omitted); Best v. City of N.Y., No. 12-CV-7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014).

       Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, the Court has carefully considered

whether leave to amend is warranted here.  Because the defects in the Complaint are substantive and could not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons stated, Defendants' motion to dismiss (D.E. 15) is GRANTED, Judge Shields' R&R (D.E. 23) is ADOPTED, and Plaintiff's objections (D.E. 28) are OVERRULED.  Plaintiff's Complaint is DISMISSED and the Clerk of the Court is directed to mark this case CLOSED.  Prior to closing the case, the Clerk of the Court is directed to amend the caption to correct Plaintiff's last name to read "Cuthbert," instead of "Culberth."  Defendants are directed to mail a copy of this Order to the pro se Plaintiff and file proof of service on ECF within ten (10) days from the date of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May   19  , 2020
       Central Islip, New York

9