UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM E. CULBERTH,                                    Docket No.: 18 Civ. 4796
                                                                            (JS)(AYS)
                Plaintiff,

   -against-

THE TOWN OF EAST HAMPTON NEW YORK,
FRANK TROTTA, and BARRY JOHNSON,

                Defendants.
------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**SOKOLOFF STERN LLP**
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No.: 170148

*Of Counsel:*
    Mark A. Radi


# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

STATEMENT OF FACTS ................................................................................................................. 1

PROCEDURAL HISTORY ................................................................................................................ 1

STANDARDS OF REVIEW ............................................................................................................... 3

    Rule 59 and Local Civil Rule 6.3 ........................................................................................ 3

    Leave to Amend .................................................................................................................... 5

Argument .................................................................................................................................... 5

    Point I ................................................................................................................................... 5
    The Court Should Dismiss Plaintiff's Motion because it is Defective

    Point II .................................................................................................................................. 6
    Plaintiff Abandoned any Purported False Arrest and
    State Law Claims Embedded in the Complaint

    Point III ................................................................................................................................ 8
    Plaintiff Failed to Meet the High Standard for Reconsideration

CONCLUSION ............................................................................................................................... 10

## TABLE OF AUTHORITIES

CASES

Allen v. Antal,
 665 F. App'x 9 (2d Cir. 2016) ............................................................................................... 9

Analytical Surveys, Inc. v. Tonga Partners, L.P.,
 684 F.3d 36 (2d Cir. 2012) ............................................................................................... 4, 7

Axar Master Fund, Ltd. v. Bedford,
 806 F. App'x 35 (2d Cir. 2020) ........................................................................................ 5, 9

Bank v. Freedom Debt Relief, LLC,
 No. 18 Civ. 1311(PKC)(RLM), 2019 WL 1865196 (E.D.N.Y. Apr. 24, 2019) ..................... 3

Belfon v. Credit Check Total Consumerinfo.com, Inc.,
 2:18-cv-00408 (ADS)(SIL), 2018 WL 4778906 (E.D.N.Y. Oct. 1, 2018) ............................. 7

Bellissimo v. Mitchell,
 122 A.D.3d 560 (2d Dep't 2014) ......................................................................................... 9

Berlin v. Jetblue Airways Corp.,
 No. 18 CV 1545(MKB)(LB), 2020 WL 502629 (E.D.N.Y. Jan. 30, 2020) .......................... 9

Bishop v. County of Suffolk,
 No. 13-446 (JS) (AKT), 2018 WL 4623016 (E.D.N.Y. Sept. 25, 2018) ........................... 3, 4

Black Lives Matter v. Town of Clarkstown,
 No. 17-cv-6592 (NSR), 2018 WL 5997908 (S.D.N.Y. Nov. 14, 2018) ................................ 7

Black v. Petitinato,
 No. 18-960, 2019 WL 366704 (2d Cir. Jan. 30, 2019) ......................................................... 8

Calle v. Whitaker,
 No. 18-CV-1957(SJF), 2019 WL 447324 (E.D.N.Y. Jan. 31, 2019) .................................... 6

Carrillos v. Inc. Vill. of Hempstead,
 87 F. Supp. 3d 357 (E.D.N.Y. 2015) .................................................................................... 8

Coleman v. City of New York,
 No. 18-CV-11819 (RA), 2020 WL 905709 (S.D.N.Y. Feb. 25, 2020) ................................. 9

Court." Perros v. County of Nassau,
 No. CV-15-5598(DRH)(AKT), 2019 WL 1441131 (E.D.N.Y. Mar. 28, 2019) ............. 4, 8, 9

Hudson v. Lockhart,
   554 F. Supp. 2d 494 (S.D.N.Y. 2008) ....................................................................................... 7

In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.,
   No. 07 CIV. 10453, 2011 WL 4072027 (S.D.N.Y. Sept. 13, 2011) ............................................ 5

Isaacs v. City of New York,
   17-cv-03957-ARR-SMG, 2019 WL 1208787 (E.D.N.Y. Mar. 13, 2019) ................................... 6

J.H. v. City of Mount Vernon,
   No. 18-CV-4399 (CS), 2019 WL 1639944 (S.D.N.Y. Apr. 15, 2019) ........................................ 7

Jelen v. Breezy Point Coop., Inc.,
   No. 18 Civ. 3440(JFB)(AKT), 2018 WL 8996342 (E.D.N.Y. Dec. 21, 2018) ........................ 3, 4

Krys v. Pigott,
   749 F.3d 117 (2d Cir. 2014) ........................................................................................................ 5

Lanning v. City of Glens Falls,
   908 F.3d 19 (2d Cir. 2018) .......................................................................................................... 8

McNair v. Ponte,
   16-CV-1722 (LAP), 2019 WL 1428349 (S.D.N.Y. Mar. 29, 2019) ........................................... 7

New World Sols., Inc. v. NameMedia Inc.,
   150 F. Supp. 3d 287 (S.D.N.Y. 2015) ........................................................................................ 7

People v. Cuthbert,
   56 Misc. 3d 140(A) (N.Y. App. Term 2d Dep't Aug. 24, 2017) ........................................ 1, 2, 3

Tulczynska v. Queens Hosp. Ctr.,
   No. 17-CV-1669 (VSB), 2020 WL 2836759 (S.D.N.Y. June 1, 2020) ............................... 3, 4, 7

Wilkov v. Ameriprise Fin. Servs., Inc.,
   753 F. App'x 44 (2d Cir. 2018) ................................................................................................... 6

STATUTES

42 U.S.C. § 1983 .................................................................................................................... 1, 6

RULES

Fed. R. Civ. P. 7(b) ..................................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

Fed. R. Civ. P. 15(a)(2) ............................................................................................................... 5

Fed. R. Civ. P. 59(e) ........................................................................................................... 3, 4, 5

Fed. R. Civ. P. 60(b) ......................................................................................................... 3, 4, 10

Fed. R. Evid. 201 ........................................................................................................................ 3

Fed. R. Evid. 201(b) ................................................................................................................... 8

### STATEMENT OF FACTS

On January 24, 2014, plaintiff was allegedly wrongfully arrested and charged with disorderly conduct, harassment, and resisting arrest.  (E.D.N.Y. Doc. No. 1 ¶ 11; Doc. No. 30 at p. 2.)  After a jury trial in October 2014, plaintiff was convicted of resisting arrest and disorderly conduct, and he was acquitted of harassment.  (E.D.N.Y. Doc. No. 1 ¶ 12; Doc. No. 30 at p. 2.)  See People v. Cuthbert, 56 Misc. 3d 140(A), at *1 (N.Y. App. Term 2d Dep't Aug. 24, 2017).

On August 24, 2017, the state court Appellate Term reversed plaintiff's convictions and dismissed the disorderly conduct and resisting arrest charges on the grounds that the accusatory instruments were facially insufficient and, thus, "jurisdictionally defective."  (E.D.N.Y. Doc. No. 1 ¶¶ 14-15; Doc. No. 30 at pp. 2-3.)  Cuthbert, 56 Misc.3d at *1-3.

### PROCEDURAL HISTORY

Plaintiff filed this action on August 23, 2018.  (E.D.N.Y. Doc. No. 1.)  The complaint asserts only three causes of action for "malicious prosecution," "municipal liability," and "42 U.S.C. § 1983."  (Id.)  While plaintiff vaguely alludes to "state law claims," "the N.Y. State Constitution," and being "wrongfully and unconstitutionally arrested," (Id. ¶¶ 6, 11, 26), he did not explicitly assert any false arrest or state law claims.

On May 6, 2019, defendants moved to dismiss the complaint in its entirety under Fed. R. Civ. P. 12(b)(6).  (E.D.N.Y. Doc. No. 17.)  Though plaintiff did not specifically assert any state law or false arrest claims, defendants moved to dismiss any false arrest and state constitutional and common law claims based on false arrest and malicious prosecution to the extent the Court construed their existence in the complaint.  (Id. at pp. 6, 7 n.4, 8 n.5, 17 n.8, 20 n.9, 22.)  Plaintiff's opposition did not oppose defendants' motion to dismiss any state law or false arrest claims that may have been hidden in the complaint or any other claims for that matter; instead, plaintiff

1

addressed only his malicious prosecution claim. (E.D.N.Y. Doc. No. 19; Doc. No. 21 at p. 2.) He never requested leave to amend the complaint either. (Id.)

On February 21, 2020, Magistrate Judge Shields issued a Report and Recommendation that recommended dismissal of the complaint in its entirety. (E.D.N.Y. Doc. No. 23.) The Court construed plaintiff's complaint liberally and interpreted it to raise the strongest arguments it suggested. (Id. at p. 4.) It further addressed the elements of a state law malicious prosecution claim; the Court concluded plaintiff failed to state a claim for malicious prosecution. (Id. at pp. 6-8.) Magistrate Judge Shields also noted that plaintiff's failure to oppose various aspects of defendants' motion provided an independent basis for the dismissal of certain claims. (Id. at pp. 11 n.3, 13 n.4.)

On May 11, 2020, plaintiff filed objections to the Report and Recommendation. (E.D.N.Y. Doc. No. 28.) Plaintiff, for the first time, claimed he had been falsely arrested and subjected to excessive force, but did not request a chance to amend the complaint. (Id.) Plaintiff did not object to the dismissal of any false arrest or state law claims, and defendants again noted any such claims had been abandoned and were defective for various reasons. (Id.; E.D.N.Y. Doc. No. 29 at pp. 6 n.2, 8.)

On May 19, 2020, this Court issued a Memorandum and Order adopting the Report and Recommendation and dismissing this action in its entirety with prejudice. (E.D.N.Y. Doc. No. 30.) In reviewing plaintiff's objections, the Court afforded him leniency and construed his papers to raise the strongest arguments they suggested. (Id. at pp. 3-4.) The Court also noted plaintiff had abandoned certain claims by not addressing them in his opposition or objections. (Id. at p. 4 n.5.) Though plaintiff did not request permission to amend, the Court carefully considered whether

2

amendment was warranted and determined it would be futile as the substantive defects of the complaint cannot be cured.  (Id. at pp. 8-9.)

On June 16, 2020, plaintiff filed this motion for reconsideration under Local Civil Rule 6.3, Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(b), and Fed. R. Evid. 201.  (E.D.N.Y. Doc. No. 36.)

Notably, the record suggests plaintiff had attorney assistance with his papers throughout the motion briefing process.  (E.D.N.Y. Doc. Nos. 18-1, 26, 28 at p. 16, 30 at pp. 3-4, 33, 36.)

## STANDARDS OF REVIEW

**Rule 59 and Local Civil Rule 6.3**

Motions for reconsideration under Rule 59(e) and Local Civil Rule 6.3 are analyzed under the same standards.  Bank v. Freedom Debt Relief, LLC, No. 18 Civ. 1311(PKC)(RLM), 2019 WL 1865196, at *1 (E.D.N.Y. Apr. 24, 2019); Bishop v. County of Suffolk, No. 13-446 (JS) (AKT), 2018 WL 4623016, at *1 (E.D.N.Y. Sept. 25, 2018).[1]

"The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Tulczynska v. Queens Hosp. Ctr., No. 17-CV-1669 (VSB), 2020 WL 2836759, at *3 (S.D.N.Y. June 1, 2020).  A motion for reconsideration is appropriate only "when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court."  Jelen v. Breezy Point Coop., Inc., No. 18 Civ.

---

[1] Local Civil Rule 6.3 requires that motions for reconsideration or reargument be served within 14 days after entry of the Court's determination of the original motion.  Local Civil Rule 6.3.  The Court issued its decision on May 19, 2020, and plaintiff filed this motion on June 16.  Thus, plaintiff's motion for reconsideration under the Local Rules is untimely.  Plaintiff's motion under Rules 59 and 60 of the Federal Rules of Civil Procedure fail for various other reasons.

3440(JFB)(AKT), 2018 WL 8996342, at *1 (E.D.N.Y. Dec. 21, 2018) (citation and alteration omitted); Bishop, 2018 WL 4623016 *1 (citations omitted).

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Further, "[a] party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court." Perros v. County of Nassau, No. CV-15-5598(DRH)(AKT), 2019 WL 1441131, at *2 (E.D.N.Y. Mar. 28, 2019). "Instead, motions for reconsideration are narrowly construed in order to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Tulczynska, 2020 WL 2836759, at *3 (citation omitted).

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Perros, 2019 WL 1441131, at *2; Tulczynska, 2020 WL 2836759, at *2. "The standard for granting a motion for reconsideration pursuant to Rule 59(e) is strict, and reconsideration will generally be denied." Jelen, 2018 WL 8996342, at *1.

**Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Jelen, 2018 WL 8996342, at *1; Fed. R. Civ. P. 60(b). Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Id. (citations omitted).

**Leave to Amend**

"A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Axar Master Fund, Ltd. v. Bedford, 806 F. App'x 35 (2d Cir. 2020); In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig., No. 07 CIV. 10453, 2011 WL 4072027, at *1 (S.D.N.Y. Sept. 13, 2011). Though leave to amend may be freely given when justice so requires, it should not be granted where the proposed amendments are futile, i.e., amendment could not cure the complaint's deficiencies. Krys v. Pigott, 749 F.3d 117, 134 (2d Cir. 2014); Fed. R. Civ. P. 15(a)(2).

## Argument

### Point I

**The Court Should Dismiss Plaintiff's Motion because it is Defective**

The Federal Rules of Civil Procedure provide that a motion must state with particularity the grounds for seeking an order and the relief sought. Fed. R. Civ. P. 7(b). The Local Civil Rules state "all motions shall include" a notice of motion, among other things. Local Civil Rule 7.1(a). This Court's Individual Rules and Practices provide: "Strict compliance with this Court's Motion Practices, the Federal Rules of Civil Procedure, and the Local Rules of the Eastern District of New York is required. Submissions not in compliance will not be considered by the Court." Rule III(A). Plaintiff failed to file a notice of motion in compliance with the Federal Rules of Civil Procedure, Local Civil Rules, and this Court's Rules. Notably, counsel filed this motion on plaintiff's behalf and should be familiar with the Court's requirements. The Court should, therefore, deny plaintiff's motion.

**Point II**

**Plaintiff Abandoned any Purported False Arrest and State Law Claims Embedded in the Complaint**

To the extent plaintiff's complaint can be construed to assert false arrest and state law claims, plaintiff abandoned them by failing to oppose their dismissal. Although the complaint set forth a cause of action only for malicious prosecution under § 1983 and did not explicitly assert false arrest or state law claims, defendants nevertheless moved to dismiss any such claims that might have been hidden within the pleading. (E.D.N.Y. Doc. No. 17 at pp. 6, 7 n.4, 8 n.5, 17 n.8, 20 n.9, 22.) Plaintiff did not oppose defendants' motion to dismiss those potential claims and addressed only the federal malicious prosecution claim. (E.D.N.Y. Doc. Nos. 19, 21.) Likewise, plaintiff did not oppose the dismissal of any false arrest or state law claims (or even acknowledge their existence) in objecting to Magistrate Judge Shields' Report and Recommendation. (E.D.N.Y. Doc. Nos. 28, 29.)

Plaintiff's failure to oppose dismissal of any purported false arrest and state law claims rendered them abandoned. Dismissal of this action in its entirety with prejudice, therefore, was justified even if he was acting *pro se* (although the record shows he had the assistance of counsel during the briefing process). See Wilkov v. Ameriprise Fin. Servs., Inc., 753 F. App'x 44, 47 n.1 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the ground that they were 'abandoned' by [pro se plaintiff] when she failed to oppose them in her opposition to Ameriprise's motion to dismiss."); Isaacs v. City of New York, 17-cv-03957-ARR-SMG, 2019 WL 1208787, at *9 (E.D.N.Y. Mar. 13, 2019) ("First, Isaacs fails to respond to the City's arguments for dismissal of these claims, thus abandoning his right to assert them."); Calle v. Whitaker, No. 18-CV-1957(SJF), 2019 WL 447324, at *17 (E.D.N.Y. Jan. 31, 2019) (citing cases); Belfon v. Credit Check Total Consumerinfo.com, Inc., 2:18-cv-00408 (ADS)(SIL), 2018 WL

6

4778906, at *8 (E.D.N.Y. Oct. 1, 2018) ("District courts in this circuit have found that a plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims."); J.H. v. City of Mount Vernon, No. 18-CV-4399 (CS), 2019 WL 1639944, at *6 (S.D.N.Y. Apr. 15, 2019) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); McNair v. Ponte, 16-CV-1722 (LAP), 2019 WL 1428349, at *6, 21 (S.D.N.Y. Mar. 29, 2019) ("This Court has deemed claims abandoned even in cases where the plaintiff was proceeding pro se."); Black Lives Matter v. Town of Clarkstown, No. 17-cv-6592 (NSR), 2018 WL 5997908, at *9 (S.D.N.Y. Nov. 14, 2018) ("The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim.") (citing cases); New World Sols., Inc. v. NameMedia Inc., 150 F. Supp. 3d 287, 331 (S.D.N.Y. 2015) ("When a party 'offer[s] no response' to its opponent's motion to dismiss a claim, that claim is abandoned."); Hudson v. Lockhart, 554 F. Supp. 2d 494, 496 (S.D.N.Y. 2008) ("In connection with a motion to dismiss to which the plaintiff has failed to respond, the Court may consider the motion as unopposed and deem the underlying claims as abandoned.").

Plaintiff should not be permitted to assert the existence of abandoned claims for the first time in a motion for reconsideration in order to resurrect a dismissed action. He points to no new law or evidence, matters the Court overlooked, or any clear error by the Court. If plaintiff himself did not acknowledge the existence of any false arrest or state law claims, the Court was not required to do so and did not err in dismissing the entire action. Plaintiff may not now "present[] the case under new theories" that he never before pursued in order to "plug[] the gaps of a lost motion with additional matters." Analytical Surveys, Inc., 684 F.3d at 52; Tulczynska, 2020 WL 2836759, at *3 ; Perros, 2019 WL 1441131, at *2 (movant may not "advance new facts, issues or arguments not previously presented to the Court").

7

## Point III

## Plaintiff Failed to Meet the High Standard for Reconsideration

Plaintiff does not point to any changes in controlling law, new evidence, clear error, or material matters the Court overlooked to justify reconsideration and the reinstatement of abandoned claims that may never before have existed.

Plaintiff's assertion that the state of § 1983 caselaw is a "mess" is ill-founded. To the contrary, it is extremely well-established that the dismissal of charges for facial insufficiency plaintiff received from the state court is not the favorable termination he needs to have a viable malicious prosecution claim. Black v. Petitinato, No. 18-960, 2019 WL 366704, at *3 (2d Cir. Jan. 30, 2019); Lanning v. City of Glens Falls, 908 F.3d 19, 28 (2d Cir. 2018); Carrillos v. Inc. Vill. of Hempstead, 87 F. Supp. 3d 357, 380 (E.D.N.Y. 2015) (Bianco, J.) (citing cases).

Plaintiff disagrees with the result, but does not cite any contrary law or point to any error in analysis by the Court. Indeed, he notes the Court's favorable termination analysis was "precedentially supported." (Pl. Br. at p. 7.) Plaintiff, instead, wants the Court to take judicial notice of plaintiff's alleged "legal innocence."[2] (Id.) Of course, no court or jury ever declared plaintiff not guilty on the merits of the disorderly conduct and resisting arrest charges. To the contrary, a jury found plaintiff guilty of those crimes. The Appellate Term reversed the convictions finding the accusatory instruments jurisdictionally defective, but it never reached the merits and held that plaintiff did not commit any crime. Whether plaintiff believes he was innocent is irrelevant because he did not receive a dismissal that qualifies as a favorable termination for the purposes of a malicious prosecution claim. This Court reached the correct conclusion and plaintiff

---

[2] This is not the type of matter of which a court may take judicial notice. See Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

gives no reason justifying a different result. Nor does he suggest any amendment to the complaint that would cure this fatal substantive flaw. Amendment, therefore, is futile and should be denied.

After seeing his case dismissed, plaintiff now argues for the first time in support of a state law malicious prosecution claim. Defendants raised this issue through two prior rounds of briefing and plaintiff ignored it both times warranting a finding that any such claim was abandoned. Moreover, defendants also argued that plaintiff failed to allege other elements necessary to both the federal and state law claim. (E.D.N.Y. Doc. No. 17 at pp. 10-12.) Plaintiff ignored those arguments as well. As noted above, plaintiff cannot now assert new arguments for the first time in support of reconsideration in an attempt to revive his dismissed action. Perros, 2019 WL 1441131, at *2. As plaintiff provides no basis for the Court to vacate its decision, his request to amend the complaint must be denied. Axar Master Fund, Ltd., 806 F. App'x at 35.

Plaintiff's proposed false arrest claims are also time-barred whether brought under federal or state law. Plaintiff agrees a federal claim is time-barred. (Pl. Br. at p. 7.) A claim under state law is also untimely. Contrary to plaintiff's unsupported assertion that a state law false arrest claim accrues upon a favorable termination, it is established that such claims accrue upon the subject's release from confinement. Allen v. Antal, 665 F. App'x 9, 13 (2d Cir. 2016); Berlin v. Jetblue Airways Corp., No. 18 CV 1545(MKB)(LB), 2020 WL 502629, at *10 (E.D.N.Y. Jan. 30, 2020); Coleman v. City of New York, No. 18-CV-11819 (RA), 2020 WL 905709, at *6 (S.D.N.Y. Feb. 25, 2020); Bellissimo v. Mitchell, 122 A.D.3d 560, 560 (2d Dep't 2014). Plaintiff was arrested in 2014. He does not claim he was confined for any period of time beyond the date of his arrest.

9

Therefore, any state law false arrest claim is time-barred. Accordingly, plaintiff's motion to amend in this regard should be denied as futile.[3]

## Conclusion

For all of the foregoing reasons, this Court should deny plaintiff's motion and dismiss this action in its entirety with prejudice, together with such other and further relief as this Court deems just, equitable, and proper.

Dated: Carle Place, New York
       June 23, 2020

                                              SOKOLOFF STERN LLP
                                              *Attorneys for Defendants*

                                              By: Mark A. Radi
                                              179 Westbury Avenue
                                              Carle Place, New York 11514
                                              (516) 334-4500
                                              File No. 170146

---

[3] Though plaintiff also moves under Rule 60(b), that rule does not seem to apply as plaintiff does not cite any mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or exceptional circumstances to justify extraordinary relief under that rule.