# In the United States District Court for the Eastern District of New York (Islip)

WILLIAM E. CUTHBERT,
Plaintiff - Movant,

v.

THE TOWN OF EAST HAMPTON, NEW YORK;
FRANK TROTTA; and HARRY JOHNSON;
Defendants - Respondents.

Rule 59(e), 60(b), LR 6.3 Request for Relief from Prior Order and for Reconciliation
FRE § 201 Request for Judicial Notice

Civil Action No. 18-CV-4796 (JS) (AYS)

## PLAINTIFF'S COUNSEL'S SUPPORTING AFFIDAVIT

## ORAL ARGUMENT REQUESTED

i

# AFFIDAVIT

Plaintiff files this memorandum to (1) reply to Defendants' Opposition to his Motion to Reconsider an Order adopting a Magistrate's R&R, dismissing this case in FRCP § 12(b)(6); and (2) to correct misapprehension whether and if so the degree to which Plaintiff received substantial assistance from any counsel in preparing his Objection to the R&R filed as ECF 28. ***The Court is assured that he did not, and so special pro se consideration is appropriate.***

This section is largely a duplicate of a supporting affidavit filed in connection with this memorandum, but that had to be sworn, so was separately filed as its own judicial document.[1]

## I. WHAT PLAINTIFF FILED AGAINST ADVICE AS WHAT HE THOUGHT WOULD ONLY BE PART OF HIS OBJECTION TO THE R&R WAS (IT SHOWS) ALL HIS OWN WORK *PRO SE*

On April 10, 2020, this Court directed Plaintiff to disclose if he'd had substantial assistance of any counsel in preparing whatever he was to submit *sub titulo* Plaintiff's Objection to the Magistrate's R&R, which recommended § 12(b)(6) dismissal.

He did not and apologizes. He misunderstood because the only assistance he received was from me, and by then Counsel had decided (with his approval) to give up the presentation of Counsel's work for Plaintiff as a limited scope "assistance" and simply appear for him. The issue had only come up because Counsel is seriously ill and might not "make it" to the end of any trial that might occur if the Court rejected at least part of the R&R so Plaintiff could amend

---

[1] LR § 1.4 bars affidavits on motions to reconsider, at least without leave. I'm not sure it means a talking affirmation like this, or whether this is even to be heard per LR § 1.4 rather than FRCP § 59 or FRCP § 60, because § 59 says it's for relief from a judgment; § 60 says a judgment is any appealable order; 28 USC § 1291 says all final order are appealable orders; thus when FRCP § 60 says it applies to final judgments it simply defines its application to a subset of that which is covered by FRCP § 59. Meanwhile LR § 1.4 doesn't define what it applies to.. In any event, I ask leave to allow it for one reason, the issue of who helped Plaintiff on what parts of what filings, which is merely collateral.

and enter discovery. By then Counsel had agreed to file an appearance and oppose as Plaintiff's counsel, but was too ill to get it in on time (Mr. Cuthbert knew how ill Counsel was going in) so in panic Plaintiff submitted something he wrote himself and which, if up to Counsel, would have been burned instead. Plaintiff knew he was supposed to drive to Islip to file an FRCP § 6 motion to enlarge, but he mailed it, so it arrived late, after that self-=authorized paper he had no business filing. One presumes this Court was confused with good reason and considered that paper his objection *in toto*. But Plaintiff thought the Court would take *his* paper –then add to it in supplementation what Counsel would file. That was all his doing, and he hopes the Court forgives him. *There was no intent to evade responding*. It wasn't until late April or early May 2020 that Counsel was asked to help significantly (*viz*. on the objection). In May 2018, Counsel was sitting for an interview with attorney Joseph Giannini, whom Counsel had just met and who wanted Counsel on his LITV talk show. He told Counsel of Mr. Cuthbert's case, in which he'd defended him, and asked if Counsel could represent Mr. Cuthbert in a suit against those who'd arrested him as he (Mr. Giannini) was too ill. Counsel told him no, he too was ill. In the next year Mr. Giannini mentioned it once or twice, and Counsel wrote brief email with some thoughts. It wasn't until lockdown this year that Counsel heard from Mr. Giannini that Mr. Cuthbert had lost a § 12(b)(6) motion before a magistrate and would have to object to her R&R or be nonsuited with prejudice. And, no counsel helped on the complaint, one merely sent a forms book version for Plaintiff to go from. Counsel knows nothing beyond that, but if the Court - wants affidavits from Plaintiff, Mr. Giannini, or anyone else), they will be produced. To be clear, what Plaintiff submitted, now ***docketed as his objection to the R&R, is all his***.

/s/ Frederick M. Oberlander

2