```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM E. CUTHBERT,

                    Plaintiff,
                                            MEMORANDUM & ORDER
         -against-                          18-CV-4796(JS)(AYS)

THE TOWN OF EAST HAMPTON NEW YORK,
FRANK TROTTA, and BARRY JOHNSON,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Frederick Martin Oberlander, Esq.
                    The Law Office of Frederick M Oberlander PC
                    43 West 43rd Street, Suite 133
                    New York, New York 11954

For Defendants:     Mark A. Radi, Esq.
                    Sokoloff Stern
                    179 Westbury Avenue
                    Carle Place, New York 11514
```

SEYBERT, District Judge:

Currently before the Court is plaintiff William E. Cuthbert's ("Plaintiff") motion pursuant to Local Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b)(6) to vacate the Court's judgment, entered May 19, 2020, so that Plaintiff may amend his complaint or, in the alternative, amend the judgment so that he may pursue his claims under New York law in state court. (Mot., ECF No. 36; Defs. Opp., ECF No. 38; Pl. Reply, ECF No. 40.) For the reasons that follow, the motion is GRANTED, and upon reconsideration, the relief Plaintiff seeks is DENIED.

BACKGROUND AND PROCEDURAL HISTORY

On January 23, 2014, Defendants Frank Trotta and Barry Johnson, police officers for Defendant the Town of East Hampton, New York, arrested Plaintiff and charged him with disorderly conduct, harassment, and resisting arrest. (Compl., ECF No. 1, ¶¶ 1, 4, 11.) Plaintiff was tried in state court and a jury acquitted him of the harassment charge but convicted him of the disorderly conduct and resisting arrest charges. See People v. Cuthbert, 65 N.Y.S.3d 492 (N.Y. App. Div. 2d Dep't 2017).[1] Plaintiff appealed and on August 24, 2017, the New York State Appellate Division, Second Department, reversed Plaintiff's convictions and dismissed the accusatory instruments on the grounds that they were "jurisdictionally defective." Id.

On August 23, 2018, Plaintiff, proceeding pro se, commenced this action against Defendants and asserted claims for malicious prosecution, municipal liability, and conspiracy under 42 U.S.C. §§ 1983 and 1985. (See generally Compl.) By Order dated December 14, 2018, the Court granted Plaintiff's request to proceed in forma pauperis. (Dec. 14, 2018 Order, ECF No. 7.) On May 6, 2019, Defendants filed a motion to dismiss. (Dismissal Mot., ECF

---

[1] The Court is permitted to take judicial notice of facts contained in publicly available documents, including, in this case, the filings in the state court criminal proceedings. See Person v. White, No. 09-CV-3920, 2010 WL 2723210, at *3 (E.D.N.Y. July 2, 2010).

No. 15; Dismissal Br., ECF No. 17; Dismissal Reply, ECF No. 21.) Plaintiff, pro se, opposed the motion. (Pl. Dismissal Opp., ECF No. 19; Cuthbert Aff., ECF No. 18.) On October 8, 2019, the Court referred the motion to Magistrate Judge Anne Y. Shields. (Oct. 26, 2020 Elec. Order.)

On February 21, 2020, Judge Shields issued a report and recommendation ("R&R") and recommended that the Court grant Defendant's motion to dismiss in its entirety. (See R&R, ECF No. 23.) Specifically, Judge Shields found (1) the malicious prosecution claim based on the charge of harassment must be dismissed as time-barred (id. at 6); (2) the malicious prosecution claim based on disorderly conduct fails because the underlying criminal proceeding did not terminate in Plaintiff's favor (id. at 6-8); (3) the Complaint fails to adequately plead municipal liability, and, in any event, Plaintiff abandoned the claim (id. at 8-11 & n.3); and (4) the Complaint fails to adequately allege a conspiracy cause of action, that such a claim is barred by the intracorporate conspiracy doctrine, and Plaintiff has abandoned the claim by failing to address it in opposition to Defendants' dismissal motion. (id. at 11-13 & n.4).

On March 10, 2020, this Court granted Plaintiff's pro se request for an extension of time to file objections. (Mar. 10, 2020 Elec. Order; Extension Req., ECF No. 25.) By letter dated April 6, 2020, Plaintiff sought a second extension, stating:

3

> I was able to find counsel who agreed to take this on pro bono to assist me but he is elderly and has pulmonary co-morbidity. He, therefore, is quarantined in a high risk group and, under the circumstances, cannot appear for me but can (and will) help me especially with drafting. He assures me the Second Circuit has held some time ago that ghostwriting is perfectly acceptable and ethical but suggested I advise the court when I'm being so helped so it takes into account that my papers may not in the future be all pro se and thus may not trigger the "extra consideration" otherwise allowed them in the court's discretion (he helped me with this letter too)

(Apr. 6, 2020 Ltr., ECF No. 26.) On April 10, 2020, the Court granted the request and directed Plaintiff to "clearly indicate whether he received assistance from an attorney in drafting or 'ghost writing' the objections." (Apr. 10, 2020 Elec. Order.) The Court also warned that it "will not afford the objections the special solicitude normally afforded to pro se submissions in the event pro bono counsel assists him in drafting or ghost writing the objections." (Id. (citing Price v. City of New York No. 15-CV-5871, 2018 WL 3117507, at *5 n.5 (S.D.N.Y. June 25, 2018)).)

On or around May 9, 2020, Plaintiff submitted objections. (Pl. Obj., ECF No. 28; Defs. Obj. Opp., ECF No. 29.) On May 19, 2020, the Court overruled Plaintiff's objections, adopted the R&R, and granted Defendants' motion to dismiss. (Adoption Order, ECF No. 30.) The Court noted that although Plaintiff did not "indicate whether he received assistance with drafting the objections," it considered Plaintiff's pro se status.

4

(Id. at 3-4.) Next, the Court observed that Plaintiff did not object to the R&R's recommendation that the Court dismiss claims for (1) malicious prosecution arising out of the harassment charge; (2) municipal liability; and (3) conspiracy. (Id. at 4.) Accordingly, the Court reviewed those portions of the R&R for clear error and, finding none, dismissed the claims. (Id.) The Court also found that "Plaintiff's malicious prosecution claim arising out of the harassment charge is properly dismissed because it is indisputably time-barred" and that "Plaintiff abandoned his municipal liability and conspiracy claims because Plaintiff does not reference or make any arguments as to those claims in his opposition or his objections." (Id. at 4 n.5.)

Given the "uncertainty surrounding Plaintiff's pro se status," the Court considered de novo whether Judge Shields erred in recommending dismissal of the malicious prosecution claim arising out of the disorderly conduct and resisting arrest convictions. (Id. at 5.) The Court overruled Plaintiff's general objection and found that "[e]ven if Plaintiff were to sufficiently satisfy the 'lack of probable cause' element for a malicious prosecution claim," the claim "still fails as a matter of law where, as here, the underlying criminal proceeding did not terminate in his favor." (Id. at 5-6.) Specifically, the Court stated that "Plaintiff's disorderly conduct and resisting arrest convictions were reversed and the accusatory instruments were

5

dismissed as a result of jurisdictional defects," and thus, the decision reversing the convictions was "not a termination in Plaintiff's favor." (Id. at 7.) Finally, the Court denied Plaintiff leave to amend because "the defects in the Complaint are substantive and could not be cured if afforded an opportunity to amend." (Id. at 8-9.)

On May 19, 2020, the Clerk of the Court entered judgment in favor of Defendants and closed the case. (Judgment, ECF No. 31.) On May 21, 2020, the Court issued an Order stating:

> On May 20, 2020, the Court received Plaintiff's letter, dated May 11, 2020, requesting an additional 30 days to file his objection to Judge Shields' report and recommendation. ([ECF No.] 33.) This request is DENIED as MOOT because, by affidavit dated May 9, 2020, Plaintiff submitted an "affidavit in support of [his] objection" to the report and recommendation. (See [ECF No.] 28.) Defendants filed a response on May 13, 2020. ([ECF No.] 29.) On May 19, 2020, the Court issued its Memorandum and Order overruling Plaintiff's objections and adopting Judge Shields' report and recommendation. ([ECF No.] 30.) Therefore, no extension of time is required.

(May 21, 2020 Elec. Order.) On June 16, 2020, Plaintiff filed the instant motion with the assistance of counsel who "cannot generally appear for Plaintiff but has written [the motion] for him." (See Mot. at ECF p. 1.) Although docketed as a "Motion for Reconsideration," Plaintiff seeks relief pursuant to Local Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b)(6),

6

requesting that the Court vacate its judgment, entered May 19, 2020, so that Plaintiff may amend his complaint or, in the alternative, amend the judgment so that he may pursue his claims under New York law in state court. (Id. at 1-2). Defendants oppose the motion.

## ANALYSIS

I. Legal Standards

"A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Federal Rules of Civil Procedure] 59(e) or 60(b)." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). Under Federal Rule of Civil Procedure 60(b), a court may "relieve a party . . . from a final judgment" on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Motions under Rule 59(e) and Local Rule 6.3 are assessed under the same standard." Kudlek v. Sunoco, Inc., 610 F. Supp. 2d 218, 220 (E.D.N.Y. 2009). "The standard for granting a motion for

reconsideration pursuant to Rule 59(e) is strict, and reconsideration will generally be denied." Jelen v. Breezy Point Coop., Inc., No. 18-CV-3440, 2018 WL 8996342, at *1 (E.D.N.Y. Dec. 21, 2018). To prevail on a Rule 59(e) motion to alter or amend a judgment, a movant must either (1) "present factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision" or (2) "demonstrate the need to correct a clear error or prevent manifest injustice." Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C., 556 F. Supp. 2d 329, 331 (S.D.N.Y. 2008).

A Rule 59(e) motion is committed to the sound discretion of the district court and "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." Am. ORT, Inc. v. ORT Israel, No. 07-CV-2332, 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (citations omitted); Belfiore v. Procter & Gamble Co., 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015); Hunt v. Enzo Biochem, Inc., No. 06-CV-0170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). As such, reconsideration of a judgment is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Johnson v. New York City, No. 10-CV-5359, 2011 WL 2471030, at *1 (S.D.N.Y. June 21, 2011) (quoting Cordero v. Astrue, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008)).

8

II. Discussion

The Court notes that counsel has made a "limited appearance" on behalf of Plaintiff and the pending motion was "prepared with the substantial assistance" of counsel. (Mot. at ECF p. 1.) As such, the Court will not afford Plaintiff's motion the special solicitude normally afforded to pro se submissions. See Price, 2018 WL 3117507, at *5 n.5 (collecting cases).

Although far from the exemplar of clarity, the Court understands that Plaintiff seeks reconsideration of the Court's decision to dismiss the malicious prosecution claim because "no court . . . ever considered the ramification of such proposition in a § 1983 action where there is significant available evidence, even that capable of FRE § 201 notice, of legal innocence." (Id. at 7.) However, Plaintiff's argument fails to direct the Court to "overlooked facts or law, mistake, exceptional circumstances, or undue hardship," and his motion must therefore be denied. Trundle & Co. Pension Plan v. Emanuel, No. 18-CV-7290, 2020 WL 5913285, at *4 (S.D.N.Y. Oct. 6, 2020).

Indeed, contrary to Plaintiff's arguments, "[t]he test for a favorable termination does not require that actual innocence be established." Hincapie v. City of New York, 434 F. Supp. 3d 61, 73 (S.D.N.Y. 2020). Rather, in Lanning v. City of Glen Falls, 908 F.3d 19 (2d Cir. 2018), the Second Circuit "reaffirmed the longtime requirement that favorable termination under federal law

9

requires that 'the prosecution terminated in some manner indicating that the person was not guilty of the offense charged,' based on the 'merits' rather than 'on any number of procedural or jurisdictional grounds.'" Rosario v. City of New York, No. 18-CV-4023, 2019 WL 4450685, at *4 (S.D.N.Y. Sept. 16, 2019) (quoting Lanning, 908 F.3d at 28). Thus, "where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, . . . it cannot provide the favorable termination required as the basis for [that] claim." Thompson v. Clark, 364 F. Supp. 3d 178, 195 (E.D.N.Y. 2019) (quoting Lanning, 908 F.3d at 28-29). Nothing in Plaintiff's motion for reconsideration changes the Court's de novo determination that "the Second Department's decision reversing the disorderly conduct and resisting arrest convictions is not a termination in Plaintiff's favor." (See Adoption Order at 7-8.) Therefore, the claims for malicious prosecution based on those charges were properly dismissed.

To the extent Plaintiff also asks the Court to reconsider its judgment such that Plaintiff is permitted to amend his Complaint to assert state law claims, that request is DENIED. "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (emphasis added).

10

Rather, such motions are to be "narrowly construed in order to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Tulczynska v. Queens Hosp. Ctr., No. 17-CV-1669, 2020 WL 2836759, at *3 (S.D.N.Y. June 1, 2020) (emphasis added); see also Perros v. Cnty. of Nassau, No. 15-CV-5598, 2019 WL 1441131, at *2 (E.D.N.Y. Mar. 28, 2019) ("A party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court.").

Plaintiff's request for reconsideration to amend his Complaint is no more than an attempt to "plug the gap" or seek the proverbial second bite of the apple. Notwithstanding his presumed pro se status, Plaintiff had previous opportunities to address whether his Complaint should be construed to include state law claims. In their motion to dismiss, Defendants argued "[i]t is unclear whether [P]laintiff asserts state law claims too" and if so, the claims were without merit. (Dismissal Br. at p. 7 n.4; id. at pp. 6, 8 n.5, 20 n.9.) Plaintiff neither responded to these arguments in opposition to the dismissal motion nor did he raise the viability of the state law claims when objecting to the R&R. As stated, "[a] motion for reconsideration is not the place to raise new arguments that could have been raised in the first instance." Trundle, 2020 WL 5913285, at *5. Moreover, the Court agrees with Defendants that "Plaintiff's failure to oppose

11

dismissal of any purported false arrest and state law claims rendered them abandoned." (Defs. Opp., ECF No. 38, at 6; see id. at 6-7 (collecting cases holding that failures to respond to arguments for dismissal constitute abandonments of the underlying claims)); see also Wilkov v. Ameriprise Fin. Servs., Inc., 753 F. App'x 44, 47 n.1 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the ground that they were 'abandoned' by [pro se plaintiff] when she failed to oppose them in her opposition to Ameriprise's motion to dismiss."). Plaintiff's pro se status does not shield him from such a result. See, e.g., McNair v. Ponte, 16-CV-1722, 2019 WL 1428349, at **6, 21 (S.D.N.Y. Mar. 29, 2019)("This Court has deemed claims abandoned even in cases where the plaintiff was proceeding pro se."). Thus, Plaintiff's attempt to now assert state law claims is foreclosed.

Finally, upon the record presented, relief pursuant to Rule 60(b) is not warranted. In the absence of any mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or exceptional or extraordinary circumstances, Plaintiff has failed to demonstrate he is entitled to Rule 60(b)'s "extraordinary judicial relief." Jelen, 2018 WL 8996342, at *1; see also FED. R. CIV. P. 60(b). At this juncture, Rule 60(b) does not provide Plaintiff with an avenue to revive and amend his dismissed Complaint.

12

CONCLUSION

For the reasons stated, the Court exercises its discretion and GRANTS Plaintiff's motion. (ECF No. 36.) Upon reconsideration, the relief sought therein is DENIED. The Court's Judgment (ECF No. 31) remains unaffected and this case remains CLOSED.

Because Plaintiff is currently represented by counsel, he will not receive a copy of this Memorandum & Order by mail. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is DENIED for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  6 , 2021
       Central Islip, New York

13